**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NEW YORK LEGAL ASSISTANCE GROUP,

                    Plaintiff,

                    -v.-

THE SOCIAL SECURITY ADMINISTRATION,

                    Defendant.

No. 23 Civ. 9363 (ALC)

**ANSWER**

Defendant Social Security Administration ("SSA" or "Defendant"), by its attorney Damian Williams, United States Attorney for the Southern District of New York, hereby answers the amended complaint of plaintiff New York Legal Assistance Group ("Plaintiff" or "NYLAG"), filed on March 19, 2024 (ECF No. 22 (the "Amended Complaint")), upon information and belief as follows:

1.       Paragraph 1 of the Amended Complaint consists of Plaintiff's characterization of its lawsuit and arguments concerning the same, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 1 of the Amended Complaint.

2.       Defendant admits that NYLAG is a legal services organization and lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 2 of the Amended Complaint.

3.       Paragraph 3 of the Amended Complaint consists of Plaintiff's characterization of this lawsuit, requests for relief, and arguments concerning the same, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 3 except avers that it received approximately 971 FOIA fee waiver requests in fiscal years 2021-2023.

1

4.      Paragraph 4 of the Amended Complaint consists of Plaintiff's characterization of its lawsuit, requests for relief, and arguments concerning the same, to which no response is required.  To the extent a response is required, Defendant denies that it does not comply with its obligations pursuant to FOIA.

5.      The allegations contained in paragraph 5 of the Amended Complaint are argumentative and do not set forth a claim for relief, and no response is required.  To the extent a response is required, Defendant denies that it has not made publicly available a listing of the POMS and EMs titles, that the public is unaware of the existence of POMS and EMs, and that it does not comply with its obligations pursuant to FOIA.

6.      Paragraph 6 of the Amended Complaint consists of Plaintiff's characterization of its lawsuit and requests for relief, to which no response is required.

**Jurisdiction and Venue**

7.      Paragraph 7 of the Amended Complaint consists of a legal conclusion regarding jurisdiction, to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that NYLAG has its principal place of business in the Southern District of New York.

8.      Paragraph 8 of the Amended Complaint consists of a legal conclusion regarding venue, to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that NYLAG has its principal place of business in the Southern District of New York.

**Parties**

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint.

10.     Paragraph 10 of the Amended Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits that it is a federal agency.

### Public Benefits Administered by SSA

11.     The allegations contained in paragraph 11 of the Amended Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint, but avers that among other functions, it administrates certain benefits programs.

12.     The allegations contained in paragraph 12 of the Amended Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant admits the allegation that it administers Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Amended Complaint.

13.     The allegations contained in paragraph 13 of the Amended Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant admits the allegation that it administers Social Security Disability Insurance ("SSDI") under Title II of the Social Security Act, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Amended Complaint.

14.     The allegations contained in paragraph 14 of the Amended Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the

extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint.

15.     The allegations contained in paragraph 15 of the Amended Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendant admits that it administers Social Security Retirement and Survivors' Benefits under Title II of the Social Security Act, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Amended Complaint.

16.     The allegations contained in paragraph 16 of the Amended Complaint are argumentative and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.     The allegations contained in paragraph 17 of the Amended Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint.

**FOIA Fee Waivers**

18.     Paragraph 18 of the Amended Complaint consists of legal conclusions, to which no response is required.

19.     Paragraph 19 of the Amended Complaint consists of legal conclusions, to which no response is required.

20.     Paragraph 20 of the Amended Complaint consists of legal conclusions, to which no response is required.

21.     Paragraph 21 of the Amended Complaint consists of legal conclusions, to which no response is required.

22.     Paragraph 22 of the Amended Complaint consists of legal conclusions, to which no response is required.

23.     Paragraph 23 of the Amended Complaint consists of legal conclusions, to which no response is required.

24.     Paragraph 24 of the Amended Complaint consists of legal conclusions, to which no response is required.

25.     Paragraph 25 of the Amended Complaint consists of legal conclusions, to which no response is required.

26.     Paragraph 26 of the Amended Complaint consists of legal conclusions, to which no response is required.

27.     Paragraph 27 of the Amended Complaint consists of Plaintiff's characterizations of POMS GN. 03311.005 and certain regulatory provisions, to which no response is required. Defendant respectfully directs the Court to the text of POMS GN. 03311.005 and the cited regulatory provisions for true and complete statements of their contents.

28.     Paragraph 28 of the Amended Complaint consists of legal conclusions, to which no response is required.

29.     Paragraph 29 of the Amended Complaint consists of legal conclusions, to which no response is required.

30.    Paragraph 30 of the Amended Complaint consists of Plaintiff's characterization of SSA regulations, to which no response is required.   Defendant respectfully refers the Court to the text of the cited regulations for true and complete statements of their contents.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Amended Complaint, except admits that NYLAG has submitted FOIA requests to the SSA.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Amended Complaint.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 of the Amended Complaint.

34.    The allegations in paragraph 34 of the Amended Complaint consist of Plaintiff's characterizations of portions of the SSA Freedom of Information Act Annual Report for Fiscal Year 2022 and FOIA.gov data sets, to which no response is required.  Defendant respectfully refers the Court to that report and the data sets for a complete and accurate statement of their contents.

35.    The allegations in paragraph 35 of the Amended Complaint consist of Plaintiff's characterizations of portions of the SSA Freedom of Information Act Annual Report for Fiscal Year 2022 and FOIA.gov data sets, to which no response is required.  Defendant respectfully refers the Court to that report and the data sets for a complete and accurate statement of their contents.

36.    The allegations in paragraph 36 of the Amended Complaint consist of Plaintiff's characterizations of portions of the SSA Freedom of Information Act Annual Report for Fiscal Year 2022 and FOIA.gov data sets, to which no response is required.  Defendant respectfully

refers the Court to that report and the data sets for a complete and accurate statement of their contents.

37.     The allegations in paragraph 37 of the Amended Complaint consist of Plaintiff's characterizations of portions of the SSA Freedom of Information Act Annual Report for Fiscal Year 2022 and FOIA.gov data sets, to which no response is required.  Defendant respectfully refers the Court to that report and the data sets for a complete and accurate statement of their contents.

38.     The allegations in paragraph 38 of the Amended Complaint consist of Plaintiff's characterizations of portions of the SSA Freedom of Information Act Annual Report for Fiscal Year 2022 and FOIA.gov data sets, to which no response is required.  Defendant respectfully refers the Court to that report and the data sets for a complete and accurate statement of their contents.

39.     The allegations in paragraph 39 of the Amended Complaint consist of Plaintiff's characterizations of portions of the SSA Freedom of Information Act Annual Report for Fiscal Year 2022 and FOIA.gov data sets, to which no response is required.  Defendant respectfully refers the Court to that report and the data sets for a complete and accurate statement of their contents.

40.     The allegations in paragraph 40 of the Amended Complaint consist of Plaintiff's characterizations of portions of the SSA Freedom of Information Act Annual Report for Fiscal Year 2022 and FOIA.gov data sets, to which no response is required.  Defendant respectfully refers the Court to that report and the data sets for a complete and accurate statement of their contents.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 41 of the Amended Complaint.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 43 of the Amended Complaint.

44.     The allegations contained in paragraph 44 of the Amended Complaint are vague and argumentative, and do not require a response.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegation in paragraph 45 of the Amended Complaint as vague and ambiguous.

46.     Paragraph 46 of the Amended Complaint consists of Plaintiff's characterization of the SSA's website, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to SSA website for a complete and accurate statement of its contents.

47.     Defendant admits the allegation contained in the first sentence of paragraph 47 of the Amended Complaint that in or around July 2023, the SSA implemented a new online portal for the submission of FOIA requests.  The remainder of paragraph 47 of the Amended Complaint consists of Plaintiff's characterization of the SSA's website, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to SSA website for a complete and accurate statement of its contents.

48.     Paragraph 48 of the Amended Complaint consists of Plaintiff's characterization of the SSA's website, to which no response is required.  To the extent a response is required,

Defendant respectfully refers the Court to SSA website for a complete and accurate statement of its contents.

49.     The first sentence of paragraph 49 of the Amended Complaint refers to NYLAG's FOIA request, to which no response is required, except that Defendant admits that POMS GN 02402.007 is not available on the SSA website.  The second and third sentences of paragraph 49 consist of Plaintiff's characterizations of POMS GN 02402.007 and Plaintiff's own clients, to which no response is required.  To the extent a response is required, Defendant admits that POMS GN 02402.007 concerns the Direct Express Debit Card Program.  Defendant admits the allegation contained in the fourth sentence of paragraph 49 but avers the number is SSA-2023-005589.

50.     Defendant admits that Plaintiff sought a waiver of fees in connection with FOIA Request No. SSA-2023-005589.  The remainder of the allegations in paragraph 50 of the Amended Complaint consists of Plaintiff's characterization of its own fee waiver request, to which no response is required.

51.     Defendant admits that it issued a letter to NYLAG on March 27, 2023, denying its request for a fee waiver, and avers Defendant neither assessed nor collected a fee for producing the responsive record.  The remainder of paragraph 51 consists of Plaintiff's characterization of such letter, to which no response is required.

52.     Paragraph 52 of the Amended Complaint consists of Plaintiff's characterization of this action, to which no response is required, and refers to other paragraphs in the Amended Complaint.  Defendant respectfully refers the Court to its responses to the referenced paragraphs.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint, which are vague and argumentative.

54.     The allegations contained in paragraph 54 of the Amended Complaint, concerning a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 54.  The remainder of the allegations in paragraph 54 of the Amended Complaint consist of Plaintiff's characterization of non-party FOIA and fee waiver requests, to which no response is required.

55.     The allegations contained in paragraph 55 of the Amended Complaint, concerning a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

56.     The allegations contained in paragraph 56 of the Amended Complaint, concerning a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 56.  The remainder of the allegations in paragraph 56 of the Amended Complaint consist of Plaintiff's characterization of non-party FOIA and fee waiver requests, to which no response is required.

57.     The allegations contained in paragraph 57 of the Amended Complaint, concerning a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

58.     The allegations contained in paragraph 58 of the Amended Complaint, concerning a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

59.     The allegations contained in paragraph 59 of the Amended Complaint, concerning a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 59.  The remainder of the allegations in paragraph 59 of the Amended Complaint consist of Plaintiff's characterization of non-party FOIA and fee waiver requests, to which no response is required.

60.     The allegations contained in paragraph 60 of the Amended Complaint, concerning a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

61.     The allegations contained in paragraph 61 of the Amended Complaint, concerning FOIA requests from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

62.     The allegations contained in paragraph 62 of the Amended Complaint, concerning a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is required, Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 62.  The remainder of the allegations in paragraph 62 of the Amended Complaint consist of Plaintiff's characterization of the non-party FOIA and fee waiver requests, to which no response is required.

63.     The allegations contained in paragraph 63 of the Amended Complaint, concerning a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

64.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint except denies the allegation that the SSA denies fee waiver applications that meet the statutory and regulatory criteria.

65.     The allegations contained in paragraph 65 of the Amended Complaint, concerning FOIA requests from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is required, Defendant lacks knowledge of information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 65.  The remainder of the allegations contained in paragraph 65 of the Amended Complaint consist of Plaintiff's characterization of non-party FOIA and fee waiver requests, to which no response is required.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint except denies the allegation that the SSA denies fee waiver applications that meet the statutory and regulatory criteria.

67.     The allegation in paragraph 67 of the Amended Complaint quotes a public comment to a proposed regulation, to which no response is required.  Defendant respectfully refers the Court to the text of the referenced comment for a true and complete statement of its contents.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint.

**Proactive Disclosure**

69.     Paragraph 69 of the Amended Complaint consists of legal conclusions, to which no response is required.

70.     Paragraph 70 of the Amended Complaint consists of legal conclusions, to which no response is required.

71.     Paragraph 71 of the Amended Complaint consists of legal conclusions, to which no response is required.

72.     Paragraph 72 of the Amended Complaint consists of legal conclusions, to which no response is required.

73.     Paragraph 73 of the Amended Complaint consists of legal conclusions, to which no response is required.

74.     Paragraph 74 of the Amended Complaint consists of legal conclusions, to which no response is required.

75.     Paragraph 75 of the Amended Complaint consists of legal conclusions, to which no response is required.

76.     Paragraph 76 of the Amended Complaint consists of legal conclusions, to which no response is required.

77.     Paragraph 77 of the Amended Complaint consists of legal conclusions, to which no response is required.

78.     Paragraph 78 of the Amended Complaint consists of legal conclusions, to which no response is required.

79.     Defendant denies the allegation contained in paragraph 79 of the Amended Complaint and avers that the POMS is a source of information used by Social Security employees to process claims for benefits.

80.     Paragraph 80 of the Amended Complaint  consists of Plaintiff's characterization of the POMS, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to its response to Paragraph 79 and to the cited portions of the POMS, for a true and complete statement of their contents.

81.     Paragraph 81 of the Amended Complaint consists of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that all POMS are subject to disclosure.

82.     Defendant denies the allegations contained in paragraph 82 of the Amended Complaint and avers that the SSA has disclosed portions of the POMS to the public through its website.

83.     Paragraph 83 of the Amended Complaint consists of Plaintiff's characterization of the SSA's website, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the SSA website for a complete and accurate statement of its contents.

84.     Defendant admits the allegations contained in paragraph 84 of the Amended Complaint.

85.     Defendant admits the allegations contained in paragraph 85 of the Amended Complaint.

86.     Defendant denies the allegations contained in paragraph 86 and footnote 7 as argumentative and avers that not all portions of the POMs are available on the SSA website.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the footnote.

87.     Defendant admits the allegation contained in paragraph 87 of the Amended Complaint that POMS section GN 02402.007 is not posted on the SSA's website and lacks knowledge or information sufficient to form a belief as to the truth of the allegation that it is not otherwise made publicly available in electronic format.

88.     Defendant admits the allegations contained in paragraph 88 of the Amended Complaint.

89.     Paragraph 89 of the Amended Complaint consists of Plaintiff's argumentative characterization of the Defendant's public statements, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegation contained in paragraph 89.

90.     Paragraph 90 consists of Plaintiff's characterization of POMS GN 03360.040, to which no response is required.  Defendant respectfully refers the Court to POMS GN 03360.040 for a complete and accurate statement of its contents.

91.     The first sentence of paragraph 91 of the Amended Complaint consists of a legal conclusion, to which no response is required.  The second sentence of paragraph 91 consists of Plaintiff's argumentative characterization of the SSA's practice and legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegation contained in the second sentence of paragraph 91 of the Amended Complaint.

92.     Paragraph 92 of the Amended Complaint consists of argumentative legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 92.

93.     Defendant denies the allegation contained in paragraph 93 of the Amended Complaint and refers the Court to the document cited therein for a complete and accurate statement of its contents.

94.     Paragraph 94 consists of Plaintiff's argumentative characterization of the SSA's practice and legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegation contained in paragraph 94 of the Amended Complaint.

95.     Paragraph 95 of the Amended Complaint consists of a legal conclusion, to which no response is required.

96.     Paragraph 96 consists of Plaintiff's argumentative characterization of the SSA's practice, to which no response is required.  To the extent a response is required, Defendant denies the allegation contained in paragraph 96 of the Amended Complaint and avers that in January 2024, it posted publicly on its website the titles of all current POMS.

97.     Paragraph 97 of the Amended Complaint consists of a legal conclusion, to which no response is required.

98.     Paragraph 98 of the Amended Complaint consists of a legal conclusion, to which no response is required.

99.     Paragraph 99 consists of Plaintiff's vague and argumentative characterization of the SSA's practice and legal conclusions, to which no response is required.  To the extent a response is required, Defendant avers it has provided POMS provisions in response to FOIA requests, subject to FOIA exemptions.  Defendant otherwise denies the allegations contained in paragraph 99.

100.    Defendant admits the allegations contained in paragraph 100 of the Amended Complaint and avers that the copy of POMS section GN 02402.007 that was provided to Plaintiff contained withholding pursuant to FOIA Exemptions 2 and 7(E), *see* 5 U.S.C. 552(b)(2), (7)(E).

101.    Paragraph 101 of the Amended Complaint consists of Plaintiff's characterization of the document POMS GN 02402.007, to which no response is required.

102.    Defendant admits the allegation contained in paragraph 102 of the Amended Complaint.

103.    Paragraph 103 consists of Plaintiff's characterization of a FOIA response that the SSA Office of Privacy and Disclosure provided to Plaintiff, to which no response is required.

104.    Paragraph 104 consists of Plaintiff's characterization of the copy of POMS GN 02402.007 provided to Plaintiff, to which no response is required.

105.    Paragraph 105 of the Amended Complaint consists of Plaintiff's characterization of SSA action, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 105.

106.    Defendant admits the allegations contained in the first sentence of paragraph 106 of the Amended Complaint.   The remainder of paragraph 106, which concerns a FOIA request from a non-party and contains Plaintiff's characterization of SSA action, does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

107.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107, and respectfully refers the Court to the text of the cited cases for a true and complete statement of their contents.

108.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108, and respectfully refers the Court to the text of the cited case for a true and complete statement of its contents.

109.    Paragraph 109 of the Amended Complaint consists of Plaintiff's interpretation of a case, to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 109, but avers that avers that the POMS is a source of information used by Social Security employees to process claims for benefits.  Defendant respectfully refers the Court to the cited case for a true and complete statement of its contents.

110.    Paragraph 110 of the Amended Complaint consists of Plaintiff's vague and argumentative characterization of SSA action, to which no response is required.  To the extent an answer is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Amended Complaint.

111.    Paragraph 111 consists of Plaintiff's characterization of POMS GN 03360.040, to which no response is required. Defendant respectfully refers the Court to POMS GN 03360.040 for a complete and accurate statement of its contents.

112.    Paragraph 112 consists of Plaintiff's characterization of POMS GN 03360.040, to which no response is required. Defendant respectfully refers the Court to POMS GN 03360.040 for a complete and accurate statement of its contents.

113.    Paragraph 113 of the Amended Complaint consists of Plaintiff's characterization of the SSA website, to which no response is required.  To the extent a response is deemed required, Defendant admits that at the time the original complaint was filed, it had not publicly posted a list of all POMS titles, and avers that the SSA has posted publicly on its website the

titles of all current POMS as of December 20, 2023.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the footnote.

114.    Paragraph 114 of the Amended Complaint consists of Plaintiff's characterization of the POMS Table of Contents on SSA's website, to which no response is required.  Defendant avers that the SSA has posted publicly on its website the titles of all current POMS as of December 20, 2023.

115.    Paragraph 115 of the Amended Complaint consists of Plaintiff's characterization of the POMS Table of Contents on SSA's website, to which no response is required.  Defendant avers that the SSA has posted publicly on its website the titles of all current POMS as of December 20, 2023.

116.    Paragraph 116 of the Amended Complaint consists of Plaintiff's characterization of the POMS Table of Contents on SSA's website, to which no response is required.  Defendant avers that the SSA has posted publicly on its website the titles of all current POMS as of December 20, 2023.

117.    Paragraph 117 of the Amended Complaint consists of Plaintiff's argumentative characterization of the POMS Table of Contents on SSA's website, to which no response is required.  Defendant avers that the SSA has posted publicly on its website the titles of all current POMS as of December 20, 2023.

118.    Paragraph 118 of the Amended Complaint consists of Plaintiff's argumentative characterization of the POMS Table of Contents on SSA's website, to which no response is required.  Defendant avers that the SSA has posted publicly on its website the titles of all current POMS as of December 20, 2023.

119.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 119 of the Amended Complaint.

120.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 120 of the Amended Complaint.

121.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 121 of the Amended Complaint.

122.    Defendant denies the allegations contained in paragraph 122 of the Amended Complaint except avers that Emergency Messages ("EMs") are prepared by the SSA when the circumstances require the agency to provide instructions to employees in an extremely short time frame.

123.    Defendant denies the allegation in paragraph 123 of the Amended Complaint as vague and ambiguous, and respectfully refers the Court to its response to the allegations in paragraph 122, above.

124.    Defendant denies the allegation in paragraph 124 of the Amended Complaint as vague and ambiguous, and respectfully refers the Court to its response to the allegations in paragraph 122, above.

125.    Defendant denies the allegation in paragraph 125 of the Amended Complaint as vague and ambiguous, and respectfully refers the Court to its response to the allegations in paragraph 122, above.

126.    Paragraph 126 of the Amended Complaint consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegation contained in paragraph 126.

127.    Defendant admits the allegation contained in paragraph 127 of the Amended Complaint.

128.    Defendant denies the allegation contained in paragraph 128 of the Amended Complaint as argumentative and avers that it makes many of its EMs publicly available on its website.

129.    Paragraph 129 of the Amended Complaint consists of Plaintiff's characterization of SSA action, to which no response is required.  To the extent a response is required, Defendant denies the allegation contained in paragraph 129 of the Amended Complaint.

130.    Paragraph 130 of the Amended Complaint consists of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 130.

131.    Paragraph 131 of the Amended Complaint consists of Plaintiff's characterization of SSA action, to which no response is required.  To the extent a response is required, Defendant denies the allegation contained in paragraph 131 of the Amended Complaint.

132.    Paragraph 132 of the Amended Complaint consists of Plaintiff's characterization of SSA action, to which no response is required.  To the extent a response is required, Defendant admits EMs may be incorporated into POMS and otherwise denies the allegations contained in paragraph 132.

133.    Paragraph 133 of the Amended Complaint consists of Plaintiff's argument and characterization of "expired" EMs, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 133.

134.    Defendant denies the allegation in paragraph 134 of the Amended Complaint as vague and ambiguous, and respectfully refers the Court to its response to the allegations in paragraph 122, above.

135.    Defendant denies the allegation in paragraph 135 of the Amended Complaint as vague and ambiguous, and respectfully refers the Court to its response to the allegations in paragraph 122, above.

136.    Paragraph 136 of the Amended Complaint consists of Plaintiff's characterization of the SSA website, to which no response is required.  To the extent an answer is required, Defendant admits that at the time the original complaint was filed, it had not publicly posted a complete list of EM titles;  avers that there was a public listing of some EMs posted publicly at the time of Plaintiff's original complaint; and avers that the SSA has posted publicly on its website the titles of all current EMs as of December 20, 2023, except for six titles which have been withheld pursuant to FOIA exemptions.

137.    Paragraph 137 of the Amended Complaint consists of Plaintiff's characterization of SSA's POMS site, to which no response is required.

138.    Defendant admits SSA employees have access to Emergency Messages and avers that the SSA has posted publicly on its website the titles of all current EMs as of December 20, 2023, except for six titles which have been withheld pursuant to FOIA exemptions.

139.    Defendant denies the allegations contained in paragraph 139 of the Amended Complaint.

140.    Defendant denies the allegation in paragraph 140 of the Amended Complaint as vague and ambiguous, and avers that AM-12048 pertains to schizophrenia cases and that AM-17049 pertains to posttraumatic stress disorder (PTSD).

141.     Paragraph 141 of the Amended Complaint consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegation contained in paragraph 141.

142.     Defendant denies the allegation contained in paragraph 142 of the Amended Complaint.

143.     Paragraph 143 of the Amended Complaint consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegation contained in paragraph 143.

144.     Defendant admits the allegation contained in paragraph 144 of the Amended Complaint.

145.     Defendant admits employees have access to Administrative Messages.

146.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Amended Complaint.

147.     Paragraph 147 of the Amended Complaint consists of Plaintiff's argumentative characterization of certain EMs and AMs, to which no response is required. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the public interest organizations' reasons for submitting FOIA requests.

148.     The first sentence of paragraph 148 of the Amended Complaint consists of argumentative characterizations of SSA action and legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations in the first sentence of paragraph 148.  Defendant denies the allegations in the second sentence of paragraph 148 as vague and avers that SSA individually considers and responds to the FOIA requests it receives.

149.     The allegations contained in paragraph 149 of the Amended Complaint, which are argumentative and concern a FOIA request from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

150.     The allegations contained in paragraph 150 of the Amended Complaint, which are argumentative and concern FOIA requests from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

151.     The allegations contained in paragraph 151 of the Amended Complaint, which are argumentative and concern FOIA requests from a non-party, do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

152.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the Amended Complaint.

153.     Defendant denies the argumentative allegations contained in paragraph 153 of the Amended Complaint regarding "sections of the POMS, EMs, and AMs," and denies knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

154.     Defendant denies the argumentative allegations contained in paragraph 154 of the Amended Complaint regarding POMS, EMs, and AMs, and denies knowledge and information sufficient to form a belief as to the remaining allegations in this paragraph. Defendant avers that it has posted publicly on its website the titles of all current POMS and non-exempt titles of EMs as of December 20, 2023.

155.     Paragraph 155 of the Amended Complaint consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 155.

156.    Defendant lacks knowledge of information sufficient to form a belief as to the truth of the factual allegations contained in the first and third sentences of paragraph 156 of the Amended Complaint and is not required to respond to the argumentative statements and legal conclusions otherwise set forth in sentences one and three.  The allegation in the second sentence of paragraph quotes a public comment to a proposed regulation, to which no response is required.

157.    The allegations contained in paragraph 157 of the Amended Complaint are argumentative and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in paragraph 157.

158.    The allegations contained in paragraph 158 of the Amended Complaint are argumentative and do not require a response.  To the extent a response is required, Defendant denies the allegations contained in paragraph 158 of the Amended Complaint.

**NYLAG's FOIA Requests**

159.    Defendant admits the allegation contained in paragraph 159 of the Amended Complaint and respectfully refers the Court to Exhibit 1A to the Amended Complaint, which contains a complete and accurate statement of FOIA Request No. SSA-2023-006957.

160.    Defendant admits the allegation contained in paragraph 160 of the Amended Complaint.

161.    Paragraph 161 of the Amended Complaint consists of NYLAG's characterization of its own fee waiver request, to which no response is required, except Defendant admits that NYLAG sought a fee waiver for FOIA Request No. SSA-2023-006957.

162.    Paragraph 162 of the Amended Complaint consists of Plaintiff's characterization of Exhibit 1B to the Amended Complaint, to which no response is required.  Defendant

respectfully refers the Court to Exhibit 1B to the Amended Complaint, which contains a complete and accurate statement of the SSA's May 1, 2023 letter.

163.     Defendant denies the allegation contained in paragraph 163 of the Amended Complaint except admits that NYLAG appealed the fee waiver denial on May 9, 2023, and the appeal was designated Appeal No. SSA-2023-008653.  Defendant refers the Court to Exhibit 1C to the Amended Complaint, which contains a complete and accurate statement of NYLAG's May 9, 2023 letter.

164.     Defendant admits it confirmed receipt of the appeal on or about May 10, 2024.

165.     The first sentence of paragraph 165 of the Amended Complaint consists of a legal conclusion, to which no response is required.  As for the second sentence of paragraph 165, Defendant avers that it produced the responsive records to Plaintiff's FOIA request at no cost through the undersigned counsel on January 29, 2024.

166.     Paragraph 166 of the Amended Complaint consists of a legal conclusion, to which no response is required.  Defendant avers that it responded to FOIA Request No. SSA-2023-006957 at no cost to Plaintiff through the undersigned counsel on January 29, 2024.

167.     Defendant admits the allegations contained in paragraph 167 of the Amended Complaint and respectfully refers the Court to Exhibit 2A to the Amended Complaint, which contains a complete and accurate statement of FOIA Request No. SSA-2023-006956.

168.     The first sentence of paragraph 168 of the Amended Complaint contains a characterization of NYLAG's own FOIA request, to which no response is required.  The second sentence of paragraph 168 contains an argumentative characterization of matters not material to the complaint or claims for relief, to which no response is required.

169.     Paragraph 169 of the Amended Complaint consists of NYLAG's characterization of its own fee waiver request, to which no response is required, except Defendant admits that NYLAG sought a fee waiver for FOIA Request No. SSA-2023-006956.

170.     Defendant admits the allegation contained in paragraph 170 of the Amended Complaint.

171.     Paragraph 171 of the Amended Complaint consists of Plaintiff's characterization of Exhibit 2B to the Amended Complaint, to which no response is required.  Defendant respectfully refers the Court to Exhibit 2B to the Amended Complaint, which contains a complete and accurate statement of the SSA's July 26, 2023 letter.

172.     Defendant denies the allegation contained in paragraph 172 of the Amended Complaint except admits that NYLAG appealed the partial fee waiver denial on July 28, 2023. Defendant refers the Court to Exhibit 2C to the Amended Complaint, which contains a complete and accurate statement of NYLAG's July 28, 2023 letter.

173.     Defendant admits the allegation contained in paragraph 173 of the Amended Complaint.

174.     Paragraph 174 and its footnote contain a characterization of NYLAG's and SSA's actions, to which no response is required.  To the extent a response is required, Defendant avers the fee waiver appeal was assigned appeal number 2023-APP-02657, and otherwise denies the allegations contained in paragraph 174.

175.     The first sentence of paragraph 175 of the Amended Complaint consists of a legal conclusion, to which no response is required.  Defendant admits that it did not issue a determination on the NYLAG's appeal concerning the fee waiver denial of FOIA Request No. SSA-2023-006956 by October 26, 2023.

176.     The first sentence of paragraph 176 of the Amended Complaint consists of a legal

conclusion, to which no response is required.  Defendant avers that it responded to certain parts

of FOIA Request No. SSA 2023-006956 through the undersigned counsel on January 29, 2024,

and responded to the remaining parts of such request through the undersigned counsel on

February 22, 2024.  Defendant produced a number of responsive records at no cost to Plaintiff.

177.     Defendant denies the allegations contained in paragraph 177 of the Amended

Complaint except admits that on July 31, 2023, NYLAG submitted a letter to the SSA requesting

that it make the entirety of the POMS, the POMS Comprehensive Index, all EMs, and all AMs

publicly available in its electronic reading room, and that the SSA assigned this FOIA Request

No. 2023-FOIA-79687.  Defendant respectfully refers the Court to Exhibit 3A to the Amended

Complaint for a complete and accurate statement of NYLAG's July 31, 2023 letter.

178.     Defendant admits that the quote contained in paragraph 178 of the Amended

Complaint is an accurate quote from NYLAG's July 31, 2023 letter and respectfully refers the

Court to Exhibit 3A to the Amended Complaint for a complete and accurate statement of

NYLAG's July 31, 2023 letter.

179.     Defendant admits that the quote contained in paragraph 179 of the Amended

Complaint is an accurate quote from NYLAG's July 31, 2023 letter and respectfully refers the

Court to Exhibit 3A to the Amended Complaint for a complete and accurate statement of

NYLAG's July 31, 2023 letter.

180.     Defendant admits that in August 2023, the SSA acknowledged Plaintiff's July 31,

2023 letter.

181.     Defendant admits the allegation contained in paragraph 181 of the Amended

Complaint that on August 28, 2023, the SSA sent NYLAG a letter responding to FOIA Request

No. 2023-FOIA-79687, indicating that it would provide further correspondence no later than September 25, 2023, and admits that paragraph 181 accurately quotes from such letter.

182.    Paragraph 182 of the Amended Complaint consists of Plaintiff's characterization of Exhibit 3B, to which no response is required.  Defendant respectfully refers the Court to Exhibit 3B of the Amended Complaint for a complete and accurate statement of its contents.

183.    Defendant avers the appeal was assigned number 2023-APP-02742.

184.    The first sentence of paragraph 184 of the Amended Complaint consists of a legal conclusion, to which no response is required.  Defendant admits that it did not issue a determination on NYLAG's appeal by October 26, 2023.

185.    Defendant admits the allegations contained in paragraph 185 of the Amended Complaint and respectfully refers the Court to Exhibit 4A to the Amended Complaint, which contains a complete and accurate statement of FOIA Request No. 2024-FOIA-00387.

186.    Defendant admits the allegation contained in paragraph 186 of the Amended Complaint.

187.    Paragraph 187 of the Amended Complaint consists of NYLAG's characterization of its own fee waiver request, to which no response is required, except Defendant admits that NYLAG sought a fee waiver for its FOIA Request which was numbered 2024-FOIA-00387.

188.    Paragraph 188 of the Amended Complaint consists of Plaintiff's characterization of Exhibit 4B to the Amended Complaint, to which no response is required.  Defendant respectfully refers the Court to Exhibit 4B to the Amended Complaint, which contains a complete and accurate statement of the SSA's December 19, 2023 letter. Defendant further avers that OPD granted a partial fee waiver, as reflected in Exhibit 4B.

189.    Defendant denies the allegation contained in paragraph 189 of the Amended Complaint except admits that NYLAG appealed the fee waiver denial with respect to the Standard Hearings Operation Procedure on February 7, 2024, and the appeal was designated Appeal No. 2024-APP-00288. Defendant respectfully refers the Court to Exhibit 4C to the Amended Complaint, which contains a complete and accurate statement of the NYLAG's February 7, 2024 letter.

190.    Defendant admits the allegation contained in paragraph 190 of the Amended Complaint.

191.    The first sentence of paragraph 191 of the Amended Complaint consists of a legal conclusion, to which no response is required.  Defendant admits that it has not issued a determination on Appeal No. 2024-APP-00288, and avers that Plaintiff filed an amended complaint adding this FOIA request to the instant lawsuit on March 8, 2024.

192.    Paragraph 192 of the Amended Complaint consists of a legal conclusion, to which no response is required.  Defendant avers that Plaintiff filed an amended complaint adding this FOIA request to the instant lawsuit on March 8, 2024, and that Defendant provided Plaintiff with a public website containing the field office phone number information it sought within Defendant's December 19, 2023, letter at no cost (Exh. 4B).

193.    Paragraph 193 consists of Plaintiff's characterization of its FOIA request, which Defendant avers was numbered 2024-FOIA-00391, and to which no response is required. Defendant respectfully refers the Court to Exhibit 5A to the Amended Complaint, which contains a complete and accurate statement of FOIA Request No. 2024-FOIA-00391.

194.    Defendant admits the allegation contained in paragraph 194 of the Amended Complaint.

195.     Paragraph 195 of the Amended Complaint consists of NYLAG's characterization of its own fee waiver request, to which no response is required, except Defendant admits that NYLAG sought a fee waiver for FOIA Request No. 2024-FOIA-00391.

196.     Paragraph 196 of the Amended Complaint consists of Plaintiff's characterization of Exhibit 5B to the Amended Complaint, to which no response is required.  Defendant respectfully refers the Court to Exhibit 5B to the Amended Complaint, which contains a complete and accurate statement of the SSA's December 22, 2023 letter.

197.     Paragraph 197 of the Amended Complaint consists of Plaintiff's characterization of Exhibit 5B to the Amended Complaint, to which no response is required.  Defendant respectfully refers the Court to Exhibit 5B to the Amended Complaint, which contains a complete and accurate statement of the SSA's December 22, 2023 letter.

198.     Defendant denies the allegation contained in paragraph 198 of the Amended Complaint except admits that NYLAG appealed the fee waiver denial on February 7, 2024, and the appeal was designated Appeal No. 2024-APP-00289.  Defendant respectfully refers the Court to Exhibit 5C to the Amended Complaint, which contains a complete and accurate statement of NYLAG's February 7, 2024 letter.

199.     Defendant admits it received the appeal in February 2024.

200.     The first sentence of paragraph 200 of the Amended Complaint consists of a legal conclusion, to which no response is required.  Defendant admits that it has not issued a determination on Appeal No. 2024-APP-00288. Defendant avers that Plaintiff filed an amended complaint adding this FOIA request to the instant lawsuit on March 8, 2024.

201.    Paragraph 201 of the Amended Complaint consists of a legal conclusion, to which no response is required.  Defendant further avers that Plaintiff filed an amended complaint seeking to add this FOIA request to the instant lawsuit on March 8, 2024.

202.    Paragraph 202 consists of Plaintiff's characterization of its FOIA request, which Defendant avers was numbered 2024-FOIA-00397, and to which no response is required. Defendant respectfully refers the Court to Exhibit 6A to the Amended Complaint, which contains a complete and accurate statement of FOIA Request No. 2024-FOIA-00397.

203.    Defendant admits the allegation contained in paragraph 203 of the Amended Complaint.

204.    Paragraph 204 of the Amended Complaint consists of NYLAG's characterization of its own fee waiver request, to which no response is required, except Defendant admits that NYLAG sought a fee waiver for FOIA Request No. 2024-FOIA-00397.

205.    Paragraph 205 of the Amended Complaint consists of Plaintiff's characterization of Exhibit 6B to the Amended Complaint, to which no response is required.  Defendant respectfully refers the Court to Exhibit 6B to the Amended Complaint, which contains a complete and accurate statement of the SSA's December 21, 2023 letter.

206.    Defendant denies the allegation contained in paragraph 206 of the Amended Complaint except admits that NYLAG appealed the fee waiver denial on February 7, 2024, and the appeal was designated Appeal No. 2024-APP-00290. Defendant respectfully refers the Court to Exhibit 6C to the Amended Complaint, which contains a complete and accurate statement of the NYLAG's February 7, 2024 letter.

207.    Defendant admits the allegation contained in paragraph 207 of the Amended Complaint.

208.    The first sentence of paragraph 208 of the Amended Complaint consists of a legal conclusion, to which no response is required.  Defendant admits that it has not issued a determination on fee waiver Appeal No. 2024-APP-00290.  Defendant avers that Plaintiff filed an amended complaint adding this FOIA request to the instant lawsuit on March 8, 2024

209.    Paragraph 209 of the Amended Complaint consists of a legal conclusion, to which no response is required.  Defendant avers that Plaintiff filed an amended complaint adding this FOIA request to the instant lawsuit on March 8, 2024.

### PLAINTIFF'S CLAIMS FOR RELIEF

210.    Paragraph 210 of the Amended Complaint consists of a legal conclusion and Plaintiff's argument, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 210 of the Amended Complaint.

211.    Defendant denies the allegations contained in paragraph 211 of the Amended Complaint.

212.    Defendant denies the allegations contained in paragraph 212 of the Amended Complaint.

213.    Defendant denies the allegations contained in paragraph 213 of the Amended Complaint.

214.    Paragraph 214 of the Amended Complaint consists of legal conclusions and NYLAG's characterization of its own requests for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that NYLAG is entitled to such relief or any relief whatsoever.

215.    Paragraph 215 of the Amended Complaint consists of a legal conclusion and Plaintiff's argument, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 215 of the Amended Complaint.

216.    Defendant denies the allegations contained in paragraph 216 of the Amended Complaint.

217.    Defendant denies the allegations contained in paragraph 217 of the Amended Complaint.

218.    Defendant denies the allegations contained in paragraph 218 of the Amended Complaint.

219.    Paragraph 219 of the Amended Complaint consists of legal conclusions and NYLAG's characterization of its own requests for relief, to which no response is required.  To the extent a response is required, Defendant denies that NYLAG is entitled to such relief or any relief whatsoever.

220.    Defendant admits the allegation contained in paragraph 220 of the Amended Complaint.

221.    Paragraph 221 of the Amended Complaint consists of Plaintiff's characterization of its own FOIA requests and argument, to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 221.

222.    The first sentence of paragraph 222 of the Amended Complaint consists of a legal conclusion and Plaintiff's argument, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegation contained in the first sentence of paragraph

222.  Defendant admits the allegation contained in the second sentence of paragraph 222, and avers it produced numerous documents to Plaintiff at no cost, *see supra* ¶¶ 165, 176.

223.  Paragraph 223 of the Amended Complaint consists of legal conclusions and Plaintiff's characterization of its own requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that NYLAG is entitled to such relief or any relief whatsoever.

224.  Defendant admits the allegation contained in paragraph 224 of the Amended Complaint.

225.  Defendant denies the allegation contained in paragraph 225 of the Amended Complaint and avers that: the SSA released all records requested by FOIA Request 1 on January 29, 2024; released part of the records requested by FOIA Request 2 on January 29, 2024; and released the outstanding records requested by FOIA Request 2 on February 22, 2024, all through the undersigned counsel.

226.  Paragraph 226 of the Amended Complaint consists of legal conclusions and Plaintiff's argument, to which no response is required.  To the extent a response is deemed required, Plaintiff denies the allegations in this paragraph.

227.  Paragraph 227 of the Amended Complaint consists of legal conclusions and Plaintiff's characterization of its own requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that NYLAG is entitled to such relief or any relief whatsoever.

228.  Paragraph 228 of the Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph.

229.     Paragraph 229 of the Amended Complaint constitutes a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 229.

230.     Paragraph 230 of the Amended Complaint constitutes a legal conclusion and Plaintiff's argument, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 230.

231.     Paragraph 231 of the Amended Complaint constitutes a legal conclusion and Plaintiff's argument, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 231 and avers that it has posted publicly on its website the titles of all current POMS and EMs less six FOIA-exempt EM titles as of December 20, 2023.

232.     Paragraph 232 of the Amended Complaint consists of legal conclusions and Plaintiff's characterization of its own requested relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that NYLAG is entitled to such relief or any relief whatsoever.

**REQUESTED RELIEF**

233.     The final WHEREFORE paragraph contains Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

**DEFENSES**

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied.  For further defenses, Defendant alleges as follows:

**FIRST DEFENSE**

Plaintiff's Amended Complaint should be dismissed in whole or in part for failure to state a claim on which relief may be granted.

**SECOND DEFENSE**

Some or all of the requested documents are exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

**FOURTH DEFENSE**

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

**FIFTH DEFENSE**

Plaintiff is not entitled to attorney fees under 5 U.S.C. § 552(a)(4)(E).

**SIXTH DEFENSE**

Plaintiff is not entitled to a full waiver of fees under 5 U.S.C. § 552(a)(4)(A)(iii).

**SEVENTH DEFENSE**

Plaintiff may not recover costs or attorney's fees in excess of those permitted by 28 U.S.C. §§ 2412, 2678.

\*　　　　　\*　　　　　\*

Defendant may have additional defenses which are not known at this time, but which may become known.  Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available. Defendant further respectfully requests and

reserves the right to file a Motion to Dismiss and/or Motion for Summary Judgment as to any and all claims.

WHEREFORE Defendant respectfully requests that this Court dismiss the Amended Complaint with prejudice, enter judgment in favor of Defendant, award costs for defense of this action, and grant such other relief as may be just and equitable.

Date:   New York, New York
        April 2, 2024

                                    Respectfully submitted,

                                    DAMIAN WILLIAMS
                                    United States Attorney
                                    Southern District of New York

By:        /s/ Tara Schwartz
                                    TARA SCHWARTZ
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, New York 10007
                                    Telephone: (212) 637-2633
                                    Email: tara.schwartz@usdoj.gov

                                    *Attorney for the Social Security*
                                    *Administration*