*Revised: March 8, 2018*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

New York Legal Assistance Group,

           Plaintiff,

  v.

Social Security Administration,

           Defendant.

No. 23-cv-9363 (ALG) (OTW)

**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as Protected Information if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information, or records that are subject to the Privacy Act, 5 U.S.C. § 552a(b).

2. The information and documents exchanged in discovery in this matter and thus subject to this Protective Order are automatically deemed to be Protected Information without further designation or action by any party or non-party. However, any party may designate those information and documents as Protected using the procedures in paragraph (3) below.

3. Information and documents designated by a party as Protected Information may be stamped " Protected Information." Where such material is not in documentary, tangible, or physical form, or where it cannot be conveniently labeled, the producing party may designate the Protected Information by informing the receiving party in writing of the confidential designation. In the case of deposition testimony, a party seeking to invoke the protection of this Protective Order shall give prompt notice thereof, at the deposition or within 30 days after receipt of the deposition transcript. Unless otherwise designated at or during the deposition, all deposition testimony shall be treated as if designated as Protected Information until the expiration of the 30 day period. However, any information or documents containing Protected Information that are not so

designated, whether by mistake, inadvertence, or otherwise, may be designated as Protected Information by the producing party at any time, by providing written notice of such designation to the receiving party.

4. The disclosed discovery material designated Protected Information will be held and used by the person receiving such information solely for use in connection with the-above captioned action and any appeals thereof. It shall not be used for any personal, business, or commercial purpose, or for any other litigation, proceeding, or matter. The person receiving any Protected Information must safeguard it against unauthorized access, including but not limited to: a) maintaining Protected Information, at all times, in a secure location; (b) transferring Protected Information by a secure means of transport (e.g., encrypt and password protect electronic information if transferring between persons authorized to receive information under this Order); and (c) making no copies or images of the Protected Information subject to this Order, except as required for purposes of the above-captioned case and any appeals thereof. All copies or images shall be subject to the same conditions as imposed on the originals.

5. In the event a party challenges another party's designation of Protected Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that discovery material designated Protected Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the discovery material designated as Protected Information.

6. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "Protected Information" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
    d. The Court (including the mediator, or other person having access to any Protected Information by virtue of his or her position with the Court).

7. Prior to disclosing or displaying the discovery material designated Protected Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

      b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto. Counsel must retain a copy of this signed agreement and will make such agreement(s) available to the Court and the party that produced the Protected Information, upon request.

8. The disclosure of a document or information without designating it as "Protected Information" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thenceforth be treated as Protected Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

10. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

11. Notwithstanding the designation of information as "Protected Information" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal. The party seeking to file Protected Information on the docket unsealed must first consult the producing party about the possible need to file the Protected Information under seal.

12. Except as prohibited by Federal law or otherwise agreed to by the producing party, at the conclusion of litigation, all documents, information, and other tangible things containing Protected Information and any copies, reproductions, or notations thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed in a manner that prevents reconstruction, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Any suspected or known incidents involving the of loss of control, compromise, unauthorized disclosure, unauthorized acquisition, unauthorized access, or any similar term referring to situations where persons other than those authorized to have access to Protected Information under this Order must be promptly reported to the counsel of the party that produced the Protected Information

>
> that was involved in the incident. Such report shall include the following information: (a) contact information; (b) a description of the incident, including the time and location; (c) a description of the safeguards used at the time of the incident (e.g., locked office, locked file cabinet, locked briefcase, password protected, encrypted, etc.); (d) whether any external person, entity, or organizations (i.e. law enforcement, press, media, person, locality) have been contacted or have contacted the party; (e) whether any other reports have been filed (i.e., law enforcement, state or federal agency or entity); and (f) all other pertinent information. Disclosures about the incident shall be limited to the party or parties whose information was involved or others with a legally cognizable need to know. An unauthorized release or use of the information may violate Federal law (e.g., 5 U.S.C. § 552a, 42 U.S.C. § 1306) and subject the individual who released the information to civil and criminal penalties.

14. This Protective Order is without prejudice to the parties' rights to apply to the Court for a further protective order relating to any Protected Information or to make any discovery or evidentiary objections permitted by the Court's regulations, Federal Rules of Civil Procedure, or any statute or other authority.

15. This Protective Order does not constitute a ruling on the admissibility of Protected Information.

16. Nothing in this Protective Order shall be deemed a waiver or diminishment of any objections, privileges, protections, doctrines, arguments, assertions, or defenses that any party has regarding the production, disclosure, discoverability or admissibility of information, documents, or tangible things.  This Protective Order cannot be used as evidence of or to support a waiver or diminishment of any production objection, evidentiary or admissibility objection, argument, assertion, or defense, including but not limited to, relevance, undue burden, over breadth, harassment, ambiguity or that the information sought is outside the scope of discovery, or of any privilege, protection, or doctrine including but not limited to, the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege.

SO STIPULATED AND AGREED.

By:

| /s/ Jessica Ranucci | /s/ Tara Schwartz |
|---|---|
| Jessica Ranucci | TARA SCHWARTZ |
| Danielle Tarantolo | Assistant U.S. Attorney |
| New York Legal Assistance Group | 86 Chambers Street, Third Floor |
| 100 Pearl Street, 19th Floor | New York, New York 10007 |
| New York, NY 10004 | Tel.: (212) 637-3622 |
| Tel.: (212) 613-7578 | Tara.Schwartz@usdoj.gov |
| jranucci@nylag.org | |
| dtarantolo@nylag.org | |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |
| | |
| Dated: July 8, 2024 | Dated: July 8, 2024 |

SO ORDERED.

**Ona T. Wang**
United States Magistrate Judge

Dated:    New York, New York
          July 9, 2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| New York Legal Assistance Group,<br><br>                              Plaintiff,<br><br>      v.<br><br>Social Security Administration,<br><br>                              Defendant. | No. 23-cv-9363 (ALC) (OTW) |

## Agreement

    I _____, hereby acknowledge that I have read and understood the terms of the Protective Order Regarding Information ("Protective Order") that was entered on _____, 20\_\_, by the Court in the above-captioned case. I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as Protected Information. I have been informed that any such documents or information labeled "PROTECTED INFORMATION" or otherwise subject to the Protective Order are confidential by Order of the Court.

    I hereby agree that I will not disclose any information contained in such documents to any other person, orally or in writing. I further agree not to use any such information for any purpose other than the above-captioned litigation. I further agree that I will secure any Protected Information in my possession to prevent unauthorized disclosure, accidental or otherwise, and I will return or destroy the protected information in accordance with paragraph 12 of the Protective Order. I hereby confirm that my duties under this Agreement will survive the termination of this case and are binding on me permanently. I consent to the personal jurisdiction of the Court in the above-captioned case for the sole purpose of enforcing the aforementioned Order.

DATED:

_____

Signed in the presence of:

_____

(Attorney)