

December 2, 2024

Hon. Ona T. Wang
Magistrate Judge
500 Pearl St.
New York, NY 10007

**Re:** *New York Legal Assistance Group v. Social Security Administration*, No. 23 Civ. 9363

Dear Judge Wang:

    We write on behalf of Plaintiff New York Legal Assistance Group ("NYLAG") and Defendant the Social Security Administration ("SSA") pursuant to the Court's October 29, 2024 order, ECF No. 50, directing the Parties to provide a joint proposed agenda for the status conference scheduled for Wednesday, December 4th at 10 a.m.

    Since the Parties' October 25, 2024 status letter, ECF No. 49, the Parties have made substantial progress on the outstanding discovery issues. On November 25, 2024, SSA served its responses and objections to Plaintiff's May 30 requests for production and interrogatories. In these responses and objections, SSA agreed to produce three types of documents, described below. On November 26, 2024, the Parties met and conferred regarding outstanding discovery. The Parties are pleased to report that they have reached agreement on most outstanding issues.

    Specifically, Plaintiff will take two depositions of Defendant pursuant to Fed. R. Civ. P. 30(b)(6) the week of January 21, 2025 (or, alternatively, the week of February 3, 2025), covering the topics of affirmative disclosures and fee waivers. Because SSA has agreed to the 30(b)(6) depositions, Plaintiff has significantly limited the document discovery it seeks. Plaintiff has a few outstanding requests to SSA of documents it seeks prior to the depositions, detailed below. SSA is considering whether to provide declarations to Plaintiff in advance of the depositions; if it chooses to do so, Plaintiff will review those declarations in good faith to determine whether they obviate certain deposition topics or even one or both depositions. The Parties have agreed to meet and confer regarding the deposition topics once SSA provides those declarations or has determined that it will not provide them.

    At the conference, the Parties seek to discuss the following topics:

1. ***Timeline for Production of Documents SSA Has Agreed to Produce:***

    In its November 25, 2024 responses and objections to Plaintiff's May 30 requests for production and interrogatories, SSA agreed to process discovery requests for three additional sets of documents: available policy sign-off sheets used when certain specific POMS, EMs, or AMs were issued (RFP 6(b)-(f)); one additional POMS section setting forth SSA's affirmative

disclosure policy from 2015 to 2021 (POMS AO 40410.030, RFP 7); and any documents responsive to RFP 1 (regarding past FOIA requests by individual FOIA requestors for POMS, AMs, and EMs that previously had not been public) found after a search of SSA's systems as described in its responses and objections.

Plaintiff's view is that production of the first two types of documents—that is, the available policy sign-off sheets and one additional POMS section—place almost no burden on the Agency and should be produced immediately or in short order. Plaintiff is willing to agree to a longer timeline for the RFP 1 search.

The SSA will respond to Plaintiff's request for RFP 6 and 7 documents by December 6, 2024; and respond regarding the agreed upon RFP 1 documents by December 20, 2024.

2. *Limited Additional Documents Sought by Plaintiff:*

In the Parties' November 26, 2024 meet and confer, Plaintiff identified to SSA four limited subsets of documents sought by Plaintiff's May 30, 2024 Requests for Production and in Plaintiff's October 2, 2024 discovery letter that Plaintiff asks SSA to produce before the 30(b)(6) depositions so that those depositions can proceed most efficiently.

Pre-2015 Affirmative Disclosure POMS sections (RFP 7(a)): Plaintiff's RFP 7(a) sought SSA's policies relating to affirmative disclosure prior to 2023. SSA has produced, or agreed to produce, certain policy documents from September 5, 2015 to the present, but not any policy documents relating to SSA's affirmative disclosure policy prior to that date.

Plaintiff's view is that SSA's affirmative disclosure policies prior to 2015 are highly material to its claims because the decision whether or not to make over half of currently-applicable POMS was made under such policies. Since SSA has already identified the applicable POMS sections containing affirmative disclosure policies from 2015 to the present, Plaintiff has asked SSA, sufficiently in advance of the depositions, to search for and produce the equivalent POMS sections applicable prior to 2015. Plaintiff believes that this search, which is limited to the POMS, would be minimally burdensome. And, in any event, such a search would need to be conducted in order to prepare a witness for a deposition on these topics—producing the relevant policy documents to Plaintiff prior to the deposition would make the deposition more efficient.

SSA has agreed to produce the earliest version (dating back to September 5, 2015) of AO 40410.030, Sensitive Instructions, from its POMS website. While SSA disputes the material nature of earlier historical policies, it will conduct a search for equivalent POMS sections that may have preceded September 5, 2015. SSA will reply by December 20, 2024.

Clarifying questions on Current Affirmative Disclosure Policies (RFP 7(b)): Plaintiff's RFP 7(b) sought SSA's currently-applicable policies relating to affirmative disclosure. SSA produced certain policies in response to this request and, at the same time, produced other policies that were in effect at some point subsequent to 2015 but are not currently applicable. On September 25, 2024, Plaintiff asked SSA three follow up questions regarding these policies,

2

including how certain documents relate to or incorporate one another and which policies are currently applicable. Plaintiff has asked SSA to promptly provide answers to these clarifying questions prior to the depositions because, in Plaintiff's view, they would streamline the depositions.

The SSA will provide responses to NYLAG's questions by December 6, 2024.

<u>Five Additional Fee Waiver Requests and Responses (RFP 8)</u>: Plaintiff's Request 8 sought copies of fee waiver requests made to SSA and SSA's adjudication of those fee waiver requests. To reduce the burden on the Agency, Plaintiff initially identified approximately 40 requests from a variety of types of requesters for which it asked SSA to produce relevant documents; SSA agreed to produce documents for the 11 of those requests that were from legal services organizations, 7 of which in fact sought fee waivers. SSA eventually produced responsive documents as to those 7. But because SSA unilaterally picked the 11 requests from Plaintiff's list of 40, Plaintiff has now asked SSA to produce, sufficiently in advance of the deposition, documents for 5 additional requests of NYLAG's choosing, provided to SSA by email on November 27.

Plaintiffs' view is that production of this limited sample will be minimally burdensome (especially since review of these documents is minimal, as they contain no sensitive information), and that such production will provide NYLAG a sufficient sample to proceed with depositions.

Defendant's view is that the SSA has already provided a sufficient sampling of fee waiver documents to Plaintiff. Specifically, from the list provided by Plaintiff, Defendant provided the request language, initial determination letters, appeal language, and appeal determination letters, for all of the FOIA requests from legal aid entities or law schools. In addition to the fee waiver documents provided, the SSA has also provided a detailed explanation of the fee waiver determination process in response to Interrogatory 7 and has agreed to a 30(b)(6) deposition on this topic.

<u>Redacted Internal Documents Showing Adjudication of Two of NYLAG's Fee Waiver Requests (RFP 9)</u>: Plaintiff's RFP 9 sought internal documents and communications relating to the processing of twenty specifically identified fee waiver requests, including requests by NYALG and by other entities. Defendant objected on the basis of the deliberative process privilege, among other objections.

Understanding this objection, and to limit the burden on the Agency, Plaintiff has now limited the request in three ways: (1) it advised SSA that the Agency could redact any information it asserted was privileged, (2) it seeks documents with respect to only two requests, both by NYLAG (FOIA Requests 1 and 2 in the Amended Complaint), and (3) it seeks only relevant documents that were created before the filing of this federal action.

Plaintiff believes that, even in redacted form, having these documents will streamline the depositions by providing concrete documents showing how SSA's methods for adjudicating fee

waiver requests are operationalized, allowing targeted and focused questions on that issue. Plaintiff understands from Defendant that there are few documents that would show adjudication of Plaintiff's request, and thus the burden on the Agency would be minimal.

As stated in the SSA's responses and objections to Plaintiff's requests for the production of documents and interrogatories, the SSA objects to providing internal documents and communications related to the processing of specific fee waiver requests on the grounds that these requests call for the production of documents and communications that are protected by the deliberative process and attorney-client privilege. Non-privileged administrative records transmitting privileged decision-making information is irrelevant to underlying claims in this case. Plaintiff already has the final decisions in these cases, and SSA has further explained its administrative process for granting or denying fee waivers.

### 3. Scheduling Following Depositions

Once Plaintiff takes the 30(b)(6) depositions of Defendant, the Parties expect that they will be able to work cooperatively on any remaining discovery issues and a potential briefing schedule for motion practice. The Parties respectfully request that the Court schedule a status conference for the first week of March so that, in the event there remain any outstanding issue at that time, the Court can help the Parties resolve them.

Respectfully submitted,

/s/ Jessica Ranucci
Jessica Ranucci
Danielle Tarantolo
*Counsel for Plaintiff*