UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/22/2025

NEW YORK LEGAL ASSISTANCE GROUP,

Plaintiff,

-against-

THE SOCIAL SECURITY ADMINISTRATION,

Defendant.

**Civil Action No. 23 Civ. 9363**

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement ("Stipulation") is entered into by and between the New York Legal Assistance Group ("Plaintiff" or "NYLAG") and the Social Security Administration ("SSA" or "Defendant" and, together with Plaintiff, the "Parties").

WHEREAS, Plaintiff filed a Complaint for Injunctive and Declaratory Relief on October 24, 2023, and Amended Complaints on March 8 and 19, 2024, alleging that SSA systemically violated the Freedom of Information Act ("FOIA") through SSA's failure to proactively make its Program Operations Manual System ("POMS"), Emergency Messages ("EMs"), Administrative Messages ("EMs") and indexes of each of these documents publicly available online ("Proactive Disclosure Claim"); and also alleging that SSA systematically violated FOIA through its pattern and practice of denying fee waivers to FOIA requesters, and that SSA violated FOIA with respect to five of NYLAG's FOIA requests;

WHEREAS, the Parties desire to settle the Proactive Disclosure Claim without the need for further litigation; and

1

WHEREAS, the Parties have agreed to the entry of this Stipulation;

IS NOW, HEREBY, STIPULATED AND AGREED, by and among the Parties, and IT IS NOW, HEREBY, ORDERED, AND DECREED, by this Court, as follows:

**I.  Definitions**

    a. **AMs** means SSA's Administrative Messages.

    b. **Effective Date** means the date this Stipulation is so-ordered by the Court.

    c. **EMs** means SSA's Emergency Messages.

    d. **FOIA** means the Freedom of Information Act, 5 U.S.C. § 552.

    e. **FOIA Redaction** means redaction for material covered by 5 U.S.C. § 552(b).

    f. **POMS** means SSA's Program Operations Manual System.

    g. **Proactive Disclosure Claim** means Claim Five in Plaintiff's Amended Complaint, Dkt. No. 22, at ¶¶ 228–232.

    h. **Public** means accessible to the public on SSA's Website, **Publication** means the act of making accessible to the public on the SSA's Website, and **Publish** means to make accessible to the public on the SSA's Website.

    i. **SSA** means Defendant the Social Security Administration.

    j. **SSA's Website** means SSA's Policy Information Site, https://secure.ssa.gov/apps10/.

    k. **Sign Off Sheet** means a document similar to, or fulfilling the same function as, the document titled "Policy Signoff to Publish in PolicyNet."

    l. **Unpublished** means not currently Public.

**II.  Publication of POMS and EMs Issued Before the Effective Date**

a. <u>Selection of POMS</u>: SSA will review and Publish, with FOIA Redactions, 200 currently-applicable Unpublished POMS, to be selected as follows:

   i. NYLAG will select 100 POMS from within POMS Chapters DI, GN, PM, RS, and SI, with a roughly equal number selected from each of these chapters. NYLAG will identify the selected POMS to SSA within sixty days of Effective Date.

   ii. SSA will select 100 POMS for review and publication from within Chapters DI, GN, PM, RS, SI, TC, VB, PS, RM, HI, and PR, with a roughly equal number selected from each of these Chapters. SSA will identify selected POMS to NYLAG within sixty days of Effective Date.

b. <u>Selection of EMs</u>: SSA will review all currently-applicable Unpublished EMs with an effective date prior to December 20, 2023, except that SSA will not review EMs that will expire within two months of the time of review and which will not be renewed. SSA will Publish, with FOIA Redactions, any EMs that, on the basis of this review, SSA determines meet the proactive disclosure criteria set forth at 5 U.S.C. § 552(a)(2).

c. <u>Expired EMs</u>: SSA will maintain Publication of Public EMs for no less than three years after they expire. SSA may, at its discretion, move these expired EMs to an Archive or similar page on SSA's Website.

d. <u>Timing of Publication</u>: To implement Paragraphs II.a-b, SSA will review and Publish five or more POMS and/or EMs per month. The deadline for Publication of each month's POMS and/or EMs will be the last day of the month in the month following the receipt of NYLAG's selected POMS. SSA will review and Publish

       the POMS selected by NYLAG before it reviews and Publishes the POMS selected by SSA.

          i. During the pendency of any federal government shutdown, SSA may review fewer than five POMS and/or EMs per month.

    e. <u>POMS and EM Indexes</u>: SSA will continue to publish current indexes of POMS and EMs in a substantially similar format as is available at https://secure.ssa.gov/apps10/reference.nsf/links/05092025041332PM and https://secure.ssa.gov/apps10/reference.nsf/links/05092025041818PM, respectively. SSA will update these indexes at least every six months.

    f. <u>Continued Publication of Non-Sensitive POMS and EMs</u>: SSA will continue to Publish POMS and EMs that the agency designates as non-sensitive.

III. **Publication of POMS and EMs Issued After the Effective Date**

    a. SSA will use a Publication process for POMS and EMs issued after the Effective Date that is similar to the process currently set forth at POMS AO 40410.030. SSA may, at its discretion, alter this process, so long as the process (1) requires the authoring component to specifically consider and indicate whether the POMS or EM meets the proactive disclosure criteria set forth under 5 U.S.C. § 552(a)(2); (2) involves sign-off on the proactive disclosure criteria by a Deputy Commissioner or Assistant Deputy Commissioner; (3) requires Publication, with FOIA Redactions, of all POMS or EMs that meet the proactive disclosure criteria; and is consistent with the policy described at 89 Fed. Reg. 102,709.

    b. SSA's Publication process for POMS and EMs issued after the Effective Date will utilize a Sign Off Sheet that includes, after any instructions and check box

regarding whether the POMS or EM is a sensitive instruction, the following language and check boxes:

> If you checked this is a sensitive instruction, please review and check, as appropriate, the below statements:
>
> > ☐ This instruction <u>does</u> contain 1) statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; or 2) administrative staff manuals and instructions to staff that affect a member of the public, or
> >
> > ☐ This instruction <u>does not</u> contain 1) statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register; or 2) administrative staff manuals and instructions to staff that affect a member of the public.
>
> Note: If you checked the first box, insert a brief explanation as to why and identify the relevant Subject Matter Expert (SME). ODEPPIN will forward the instruction and your explanation to OPD for a FOIA review.
>
> Note: The selections and justification above will be used to make a final determination on whether the policy must be released publicly.

IV. **Dismissal of Proactive Disclosure Claim**

a. As of the Effective Date, and in consideration for the covenants and undertakings of SSA set forth in this Stipulation, Plaintiff's Proactive Disclosure Claim is fully resolved and dismissed, *except that*:

   i. any claim for attorneys' fees and costs incurred in connection with the Proactive Disclosure Claim under 5 U.S.C. § 552(a)(4)(E) is expressly preserved, pursuant to Section V;

   ii. the term of this Agreement is four years from the Effective Date; and

   i. the Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulation for four years from the Effective Date.

5

    b. The dismissal of Plaintiff's Proactive Disclosure Claim has no effect on the remaining claims in Plaintiff's Amended Complaint, specifically, Claims One, Two, Three, and Four, Dkt. No. 22, at ¶¶ 210-27.

    c. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendant, the United States, or any agency or instrumentality of the United States.

    d. Plaintiff agrees that it will not seek to amend the Amended Complaint to include a claim challenging SSA's Final Rule titled "Availability of Information and Records to the Public," 89 Fed. Reg. 102,704 (effective Jan. 17, 2025).

    e. In the event that Plaintiff asserts that Defendant has breached any aspect of this Stipulation, Plaintiff shall provide Defendant with written notice emailed to Tara.Schwartz@usdoj.gov. In that event, the Parties will confer to resolve the issue raised in the notice. In the event the Parties are unable to resolve the issue within sixty days after the notice, Plaintiff may seek judicial intervention.

V. **Attorneys' Fees**

    a. Plaintiff reserves the right to file a claim for fees and costs, pursuant to 5 U.S.C. § 552(a)(4)(E), incurred in connection with the Proactive Disclosure Claim, and Defendant reserves its right to oppose any such application. Plaintiff's Counsel shall make any such request for fees within ninety days of the Effective Date. The Court shall retain jurisdiction to resolve any fee application.

VI. **Non-Admission**

    a. This Stipulation shall not constitute an admission of liability or fault on the part of Defendant or the United States or their agents, servants, or employees.

VII. **Binding Agreement**

    a. This Stipulation shall be of no force and effect unless and until it is granted approval by the Court. Upon entry by the Court, this Stipulation is final and binding upon the Parties, their successors, and their assigns.

Dated: New York, New York
June 27, 2025

| | |
|---|---|
| NEW YORK LEGAL ASSISTANCE GROUP, INC. | JAY CLAYTON<br>United States Attorney for the<br>Southern District of New York |
| By: /s/Danielle Tarantolo<br>DANIELLE TARANTOLO<br>KATE FETROW<br>100 Pearl Street<br>New York, NY 10004<br>Tel. (212) 613-6551<br>E-mail: dtarantolo@nylag.org | By: /s/Rebecca Tinio<br>REBECCA S. TINIO<br>TARA SCHWARTZ<br>Assistant United States Attorneys<br>86 Chambers Street, Third Floor<br>New York, New York 10007<br>Tel.: (212) 637-2774/2633<br>E-mail: rebecca.tinio@usdoj.gov<br>        tara.schwartz@usdoj.gov |

SO ORDERED:

_____
THE HONORABLE ANDREW L. CARTER
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2025