

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 10, 2026

**VIA ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

   Re:    *New York Legal Assistance Grp. v. Soc. Sec. Admin.*, No. 23 Civ. 9363 (ALC) (OTW)

Dear Judge Wang:

       This Office represents the Social Security Administration (the "SSA") in the above-captioned action brought by plaintiff New York Legal Assistance Group ("NYLAG") pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Administrative Procedure Act, 5 U.S.C. § 702. On behalf of the parties, I write respectfully to apprise the Court of a development with respect to the parties implementation of the Stipulation of Settlement ordered by the Court on September 22, 2025 (the "Stipulation"). ECF No. 72.

       As the Court is aware, the Stipulation resolved NYLAG's claim alleging that SSA systemically violated the FOIA through SSA's failure to proactively make its Program Operations Manual System ("POMS"), Emergency Messages, Administrative Messages and indexes of each of these documents publicly available online. *See id.* at 1, sec. IV.

       Section II(a) of the Stipulation provides, among other things, as follows:

> <u>Selection of POMS</u>: SSA will review and Publish, with FOIA Redactions, 200 currently-applicable Unpublished POMS, to be selected as follows:
>
>> i. NYLAG will select 100 POMS from within POMS Chapters DI, GN, PM, RS, and SI, with a roughly equal number selected from each of these chapters. NYLAG will identify the selected POMS to SSA within sixty days of Effective Date.

       NYLAG produced its list of 100 POMS to the SSA on September 30, 2025. In December 2025, following the government shutdown, the SSA notified NYLAG that it believed the list it had provided was not compliance with the Stipulation, which stated that NYLAG would select "a roughly equal number" of POMS from the enumerated chapters. NYLAG notified SSA that it believed SSA's position was nonsensical. Nonetheless, NYLAG agreed to provide a revised list of POMS to the SSA.

       On February 6, 2026, NYLAG provided the SSA with a revised list of POMS, attached hereto as Exhibit 1. The parties have agreed that the SSA will process the POMS on this revised

list, according to the terms of the Stipulation. NYLAG has agreed that so long as SSA reviews and publishes the POMS on this revised list at a rate of at least five a month, consistent with the schedule set out in Section II.d of the Stipulation of Settlement, NYLAG will not assert that SSA is in violation of Section II(a)(i) thereof.

      The parties thank the Court for its attention to this matter.

                     Respectfully,

                     JAY CLAYTON
                     United States Attorney for the
                     Southern District of New York

By:      ___*/s/ Tara Schwartz*___
                     TARA SCHWARTZ
                     Assistant United States Attorney
                     86 Chambers Street, Third Floor
                     New York, NY 10007
                     Tel.: (212) 637-2633
                     Email: tara.schwartz@usdoj.gov

cc: Plaintiff's Counsel (via ECF)