# Exhibit J

SOCIAL SECURITY

Refer to:
S9H: 2024-FOIA-00391

December 22, 2023

Jessica Ranucci
New York Legal Assistance Group
100 Pearl Street, 19th Floor
New York, NY 10004
jranucci@nylag.org

Dear Jessica Ranucci:

I am responding to your request for a fee waiver concerning your December 6, 2023 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for the following records applicable from January 1, 2023 to the present, including records created before January 1, 2023 to the extent that such records were applicable or in effect after January 1, 2023:

**Request #1:** Any versions of guidance, manuals, or handbooks that are currently applicable and not available to the public for:

(A) Consultative Examiners, outside of what is currently available in the Consultative Examination (CE) Guide ("Greenbook") (also known as "Consultative Examinations: A Guide for Health Professionals");
(B) Medical Experts, outside of what is currently available in the Medical Expert (ME) Handbook;
(C) Vocational Experts outside of what is currently available in the Vocational Expert (VE) Handbook; and
(D) Medical Consultants (MCs).

**Request #2:** Records of any currently applicable policy, or guidance stating that:

(A) a new diagnosis is necessary if a diagnosis in the medical evidence of record (MER) is more than a certain number of months old;
(B) a new consultative exam (CE) is necessary if a diagnosis in the MER is more than a certain number of months old;
(C) a new medical source statement (MSS) is necessary if the existing MSS from the treating provider is more than a certain number of months old; and
(D) a new CE is necessary if the existing MSS from the treating provider is more than a certain number of months old.

**Request #3:** A copy of the report on best practices created by SSA regarding the CE oversight meeting with state agencies held in Spring of 2023.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)).

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your requests as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information

Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer