# Exhibit Q

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NEW YORK LEGAL ASSISTANCE GROUP,

Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

Defendant.

No. 23 Civ. 9363 (ALC) (OTW)

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rules 26.2 and 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), defendant the Social Security Administration (the "SSA"), by its attorney, Matthew Podolsky, Acting United States Attorney for the Southern District of New York, hereby objects and responds to Plaintiff's First Requests for Admission ("Requests for Admission"), dated March 18, 2025, as follows:

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

A. The SSA objects to the Requests for Admission to the extent they purport to require the disclosure of information beyond the scope permitted by the Federal Rules of Civil Procedure, the Local Rules, and other applicable law.

B. The SSA objects to the Requests for Admission to the extent they seek information protected from discovery under the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, statute, regulation, or rule.

C. The SSA objects to the Requests for Admission to the extent they call for information not relevant to a claim or defense in this litigation, are vague or ambiguous, are unduly burdensome or oppressive to answer or require unreasonable investigation on the SSA's part, or

are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

D. The SSA objects to the Requests for Admission to the extent they go to fundamental disagreements between the parties and, thus, are improper under Federal Rule of Civil Procedure 36. *See Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) ("[W]here requests for admission are not designed to identify and eliminate matters on which the parties agree, but to seek information as to fundamental disagreement at the heart of the lawsuit . . . a court may excuse a party from responding to the requests.").

E. The SSA objects to the Requests for Admission to the extent they seek the disclosure of information that is outside the SSA's possession, custody or control.

F. The SSA objects to the Requests for Admission to the extent they seek information that is publicly available to, has previously been provided to, is otherwise within the possession, custody or control of, or is readily obtainable by, Plaintiff, its agents, and/or its counsel.

G. The SSA expressly reserves its right to supplement, clarify, revise, or correct any or all of the responses herein at any time. By making the following responses to the Requests for Admission, the SSA does not waive, and hereby expressly reserves, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Furthermore, the SSA is providing the responses herein without in any manner implying or admitting that any of the Requests for Admission, or any of the responses thereto, is relevant or material to the subject matter of this action.

## SPECIFIC RESPONSES AND OBJECTIONS

**Request No. 1:**

Admit that SSA does not possess any documents regarding SSA's policies for the POMS Public/Non-Public Determination Process prior to 2015 other than the document produced at Bates SSA000376.

**Response to Request No. 1:**

The SSA admits that, after a reasonable search for documents regarding SSA's policies with respect to the publication of POMS, it was not able to locate any documents from prior to 2015, other than the document produced at Bates SSA000376. To the extent that the SSA is able to locate any additional documents, the SSA will produce any such documents to Plaintiff.

**Request No. 2:**

Admit that the SSA does not possess any Sign Off Sheets other than those that have been produced in this action at Bates SSA000223-229, SSA000273-276, SSA000360-374, and SSA000477-486.

**Response to Request No. 2:**

The SSA admits that, after a reasonable search for Sign Off Sheets, it was not able to locate any versions of the Sign Off Sheets other than the ones produced in this action at Bates SSA000223-229, SSA000273-276, SSA000360-374, and SSA000477-486. To the extent that the SSA is able to locate any additional documents, the SSA will produce any such documents to Plaintiff.

**As per the instructions in the Requests for Admission, the SSA responses to Requests 3-16 refer to Fiscal Year 2024.**

**Request No. 3:**[1]

Admit that SSA does not maintain exportable data regarding the determination of Fee Waiver Requests beyond that provided in its Freedom of Information Act Annual Report.

**Response to Request No. 3:**

The SSA objects to this Request as vague and ambiguous, as the term "maintain exportable data regarding the determination of Fee Waiver Requests" is not defined. Notwithstanding the foregoing objection, the SSA refers Plaintiff to the document titled "Raw FOIAXpress data xls format" on its website here, https://www.ssa.gov/foia/annualreports.html, which contains all of the exportable data in FOIAXpress relating to Fee Waiver Requests.

**Request No. 4:**

Admit that it would be burdensome for SSA to obtain data regarding the determination of Fee Waiver Requests beyond that provided in its Freedom of Information Act Annual Report.

**Response to Request No. 4:**

The SSA objects to this Request as vague and ambiguous, as the term "data regarding the determination of Fee Waiver Requests" is not defined. Accordingly, the SSA will not respond to this request.

**Request No. 5:**

Admit that SSA does not maintain exportable data identifying the number of Fee Waiver Requests that are granted in part and denied in part.

---

1 The SSA interprets Requests No. 3 through 16 concerning "exportable data" to refer to the data maintained in FOIAXpress, which is the electronic system used by SSA to track FOIA Requests and Fee Waiver Requests, as defined in the Requests for Admission.

**Response to Request No. 5:**

The SSA admits that it does not maintain exportable data identifying the number of Fee Waiver Requests that are granted in part and denied in part. As was explained during the Rule 30(b)(6) deposition of Michelle Christ, and as is reflected in the document produced as SSA000377, the only fields available in FOIAXpress for marking the adjudication of a Fee Waiver Request are "TBD"; "Granted"; "Denied"; "Withdrawn"; "Not Billable"; and "N/A". Data concerning those fields for Fiscal Year 2024 is contained on the agency's website, here: https://www.ssa.gov/foia/annualreports.html.

**Request No. 6:**

Admit that it would be burdensome for SSA to obtain data identifying the number of Fee Waiver Requests that are granted in part and denied in part.

**Response to Request No. 6:**

The SSA admits, and as SSA explained in its response to Interrogatory No. 5, that calculating the number of determinations made by the SSA to grant in part and deny in part a Fee Waiver Request would require a manual review of all fee waiver adjudications and would therefore be burdensome.

**Request No. 7:**

Admit that SSA does not maintain exportable data identifying the number of Fee Waiver Requests that are granted on appeal.

**Response to Request No. 7:**

The SSA admits that it does not maintain exportable data identifying the number of Fee Waiver Requests that are granted on appeal.

**Request No. 8:**

Admit that it would be burdensome for SSA to obtain data identifying the number of Fee Waiver Requests that are granted on appeal.

**Response to Request No. 8:**

The SSA admits, and as SSA explained in its response to Interrogatory No. 5, that calculating the number of determinations made by the SSA to grant a Fee Waiver Request at the appeal stage would require a manual review of all appeal determinations and would therefore be burdensome.

**Request No. 9:**

Admit that SSA does not maintain exportable data identifying the total number of FOIA Fee Waiver Requests.

**Response to Request No. 9:**

The SSA denies that it does not maintain exportable data identifying the total number of FOIA Fee Waiver Requests. The SSA refers Plaintiff to the document titled "Raw FOIAXpress data xls format" for Fiscal Year 2024 on its website here, https://www.ssa.gov/foia/annualreports.html. Column Z in the excel sheet, which is titled "Is Fee Waiver Requested," contains data on the number of FOIA Fee Waiver Requests for Fiscal Year 2024.

**Request No. 10:**

Admit that it would be burdensome for SSA to obtain data identifying the total number of FOIA Fee Waiver Requests.

**Response to Request No. 10:**

The SSA denies that it would be burdensome for SSA to obtain data identifying the total number of FOIA Fee Waiver Requests and refers the Plaintiff to its response to Request No. 9.

**Request No. 11:**

Admit that SSA does not maintain exportable data identifying the total number of FOIA Requests for which each of the following options in the Fee Waiver Determination Field was selected: TBD, Withdrawn, Not Billable, N/A.

**Response to Request No. 11:**

The SSA denies that it does not maintain exportable data identifying the total number of FOIA Requests for which each of the following options in the Fee Waiver Determination Field was selected: TBD, Withdrawn, Not Billable, N/A. The SSA refers Plaintiff to the document titled "Raw FOIAXpress data xls format" for Fiscal Year 2024 on its website here, https://www.ssa.gov/foia/annualreports.html. Column AD in the excel sheet, which is titled "Fee Waiver Status," contains data regarding the TBD, Withdrawn, Not Billable, N/A options in FOIAXpress.

**Request No. 12:**

Admit that it would be burdensome for SSA to obtain data identifying the total number of FOIA Requests for which each of the following options in the Fee Waiver Determination Field was selected: TBD, Withdrawn, Not Billable, N/A.

**Response to Request No. 12:**

The SSA denies that it would be burdensome for SSA to obtain data identifying the total number of FOIA Fee Waiver Requests and refers the Plaintiff to its response to Request No. 11.

**Request No. 13:**

Admit that SSA does not maintain exportable data identifying the number of FOIA Requests with associated Fee Waiver Requests for which records were produced and SSA did not charge any fees.

**Response to Request No. 13:**

The SSA admits that it does not maintain exportable data identifying the number of FOIA Requests with associated Fee Waiver Requests for which records were produced and SSA did not charge any fees. There is no field in FOIAXpress which accounts for the situation in which the SSA produces records in response to a FOIA request without charging fees.

**Request No. 14:**

Admit that it would be burdensome for SSA to obtain data identifying the number of FOIA Requests with associated Fee Waiver Requests for which records were produced and SSA did not charge any fees.

**Response to Request No. 14:**

The SSA admits that calculating the number of FOIA Requests with associated Fee Waiver Requests for which records were produced and SSA did not charge any fees would require a manual review of information contained within FOIAXpress, and therefore be burdensome.

**Request No. 15:**

Admit that SSA does not maintain exportable data identifying the number of FOIA Requests with associated Fee Waiver Requests for which records were produced and SSA did not collect any fees.

**Response to Request No. 15:**

The SSA admits that it does not maintain exportable data identifying the number of FOIA Requests with associated Fee Waiver Requests for which records were produced and SSA did not collect any fees. There is no field in FOIAXpress which accounts for the situation in which the SSA produces records in response to a FOIA request without collecting fees.

**Request No. 16:**

Admit that it would be burdensome for SSA to obtain data identifying the number of FOIA Requests with associated Fee Waiver Requests for which records were produced and SSA did not collect any fees.

**Response to Request No. 16:**

The SSA admits that calculating the number of FOIA Requests with associated Fee Waiver Requests for which records were produced and SSA did not collect any fees would require a manual review of information contained within FOIAXpress, and therefore be burdensome.

Dated: New York, New York
April 18, 2025

MATTHEW PODOSLKY
Acting United States Attorney
Southern District of New York
*Attorney for the Social Security Administration*

By: */s/ Tara Schwartz*
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2633
Email: tara.schwartz@usdoj.gov