# Exhibit T

NYLAG
New York Legal Assistance Group

July 31, 2023

Social Security Administration
Office of Privacy and Disclosure
ATTN: Freedom of Information Officer
WHR G401
6401 Security Boulevard
Baltimore, MD 21235

*Via Social Security Administration Freedom of Information Act (FOIA) Public Access Link*

*Re: Freedom of Information Act Request for Proactive Public Electronic Disclosure of the Program Operations Manual System ("POMS"), Emergency Messages ("EMs"), and Administrative Messages ("AMs")*

Dear FOIA Public Liaison Officer:

The New York Legal Assistance Group ("NYLAG") requests that the Social Security Administration ("SSA") make publicly available in its online electronic reading room: the entirety of the Programs Operation Manual System ("POMS"); an index of the POMS, including but not limited to the POMS Comprehensive Index; all Emergency Messages ("EMs"); an index of all EMs; all Administrative Messages ("AMs"); and an index of all AMs. This request for records is submitted pursuant to the proactive disclosure provision of the Freedom of Information Act, 5 U.S.C. § 552(a)(2) and SSA's implementing regulations, 20 C.F.R. §§ 402.45, 402.50, and 402.55.

*Statutory and Regulatory Background*

Under FOIA, agencies must proactively disclose certain documents, including "statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register," 5 U.S.C. § 552(a)(2)(B), and "administrative staff manuals and instructions to staff that affect a member of the public," id. § 552(a)(2)(C). These provisions embody one of the goals of FOIA: to prevent agencies from using "secret law," which "cannot be withheld from the public." *Cuneo v. Schlesinger*, 484 F.2d 1086, 1091 n. 13 (D.C. Cir. 1973) (citing 5 U.S.C. § 552(a)(2)); *see also Ginsburg, Feldman & Bress v. Fed. Energy Admin.*, 591 F.2d 717, 718 n.2 (D.C. Cir. 1978) (noting that the language of § 552(a)(2)(C) is specifically meant to address the problem of agencies' "secret law").

To further the goal of preventing agencies from creating secret law, FOIA provides that "[e]ach agency shall also maintain and make available for public inspection in an electronic format current indexes providing identifying information for the public as to any matter issued, adopted, or promulgated . . . and required . . . to be made available or published." 5 U.S.C. § 552(a)(2)(E).

*Request for Proactive Public Electronic Disclosure of the POMS and an Index of the POMS*

The POMS constitutes "administrative staff manuals and instructions to staff that affect a member of the public" and/or "statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register" that the SSA is required under FOIA to "make available for public inspection in an electronic format." 5 U.S.C. § 552(a)(2); 20 C.F.R. § 402.45(b). SSA's regulations further specify that it must proactively make the POMS available to the public. *Id.* § 402.55.

Finally, SSA's own implementing regulations require that SSA make publicly available "an index of these manuals and materials" that are subject to proactive disclosure. 20 C.F.R. §§ 402.45(b), 402.55(b)(4)–(5).

Notwithstanding the statutory and regulatory mandate, while SSA makes some portions of the POMS publicly available on www.ssa.gov SSA does not make the entirety of the POMS available to the public in its online electronic reading room. Nor does it make an index of the POMS, such as the POMS Comprehensive Index, available to the public in its online reading room. Accordingly, we request that SSA follow the law and make the entirety of the POMS, and an index of the POMS, available to the public online.

*Request for Proactive Disclosure of All EMs and AMs and an index of EMs and AMs*

In addition, under FOIA, EMs and AMs are also subject to proactive disclosure: they constitute "statements of policy and interpretations which have been adopted by the agency," 5 U.S.C. § 552(a)(2)(B), and/or "instructions to staff that affect a member of the public," id. § 552(a)(2)(C).

Notwithstanding the statutory mandate, while SSA makes at least some EMs and AMs publicly available on www.ssa.gov, SSA does not maintain all EMs and AMs publicly. When EMs and AMs that, by their terms, have expired, SSA regularly removes these EMs and AMs from its website. But even after expiration, EMs and AMs still constitute "information which either creates or provides a way of determining the extent of substantive rights and liabilities" and "cannot be withheld from the public" under FOIA. *Cuneo*, 484 F.2d at 1091 n.13.

To be clear, NYLAG is ***not*** requesting that the records described above be released directly to NYLAG. Rather, NYLAG is requesting that, in connection with SSA's affirmative obligation to disclose certain records under FOIA, 5 U.S.C. § 552(a)(2), the requested records be made available in SSA's electronic reading room for access by all members of the public. *See New York Legal Assistance Grp. v. Bd. of Immigr. Appeals*, 987 F.3d 207 (2d Cir. 2021) (holding that court may compel agency in violation of 5 U.S.C. § 552(a)(2) to proactively make records available in an electronic reading room, rather than merely produce to requester).

*No Fee Should Be Charged*

Because FOIA and SSA's own implementing regulations require SSA to make these records publicly available in its online electronic reading room, and NYLAG is simply requesting SSA's compliance with that statutory mandate, not disclosure to NYLAG itself, no fees can be charged for processing this request.

***

We look forward to receiving a determination within twenty business days, as required by 5 U.S.C. § 552(a)(6)(A)(i). If for any reason any request is denied, please inform me of the reason(s) for the denial in writing. Thank you very much for your assistance.

Sincerely,

Jessica Ranucci
New York Legal Assistance Group
100 Pearl Street, 19th Floor
New York, NY 10004
Telephone: (212) 613-7578
Email: jranucci@nylag.org