# Exhibit Y

SOCIAL SECURITY

Refer to:
S9H: 2025-FOIA-02240

July 29, 2025

Ms. Skye Perryman and Mr. Aman George
Democracy Forward Foundation
PO Box 34553
Washington, DC 20043
foia@democracyforward.org

Dear Ms. Perryman and Mr. George:

I am responding to your request for a fee waiver concerning your July 2, 2025 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for the following information from March 1, 2025 through the date of the search:

> All electronic communications (including emails, email attachments, complete email chains, calendar invitations, or attachments thereto, as well as any text messages or messages sent on messaging platforms such as Slack, Microsoft Teams, WhatsApp, Signal, or GChat) sent by (A) any government official listed below and containing (B) any of the following key terms.
>
> A. Officials:
>
> a. any present or former employee or affiliate of the "Department of Government Efficiency" ("DOGE") or the U.S. "DOGE" Service, including but not limited to Steve Davis, Antonio Gracias, Akash Bobba, Ethan Shaotran, Edward Coristine and Aram Moghaddassi;
>
> b. any present or former SSA political appointee, including but not limited to Leland Dudek, Frank Bisignano, Michael Russo, and Scott Coulter;
>
> B. Key terms:
>
> a. Fraud,
> b. Delay
> c. "Dead people"
> d. DMF
> e. "DHS data"
> f. "Missed payments"
> g. "Wait time"
> h. "Overwhelmed"
> i. "Field office"
> j. "RIF"
> k. "Identity verification"
> l. "ID verification"
> m. "Banking information"
> n. "Bank information"
> o. "Direct deposit"

I reviewed your request for a fee waiver, and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.85 if we find that waiver is

in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.85(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public, and
- whether the contribution to public understanding would be significant.

In your fee waiver request, you allege that the above provisions are met because "the requested records pertain to the Federal government's operations and activities because they concern changes contemplated and made by the SSA to the administration of the Social Security program as well as the impact of those changes." You also state that "the requested records will reveal meaningful information about government operations and/or activities not already known to the public because the rollout of these changes was mired in confusion and reports suggest the Trump Administration directed the SSA to undertake these changes in a purposefully nontransparent manner." Your final argument for a fee waiver is that your organization intends to publicize records to contribute significantly to the public's understanding of how this Administration's policies are impacting the benefits that Social Security recipients have earned.

However, to be granted a fee waiver "you must be reasonably specific in your waiver request as to the specific Government operation or activity and provide direct, clear (not remote or attenuated) connections to the meaningful information you seek." 20 C.F.R. § 402.85(b)(2)(iv). Further, as our regulation indicates, "[g]eneralized interest in government programs is not reasonably specific to grant waiver." *Id.* Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors.

Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.80), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.80).

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 833-795-0132.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,



Jennifer Karangelen
Acting Freedom of Information Officer