# Exhibit HH

Social Security

# Program Operations Manual System (POMS)

Effective Dates: 10/15/2024 - Present

**TN 4 (10-24)**

GN 03311.005 Privacy Act and FOIA Fees

## A. Introduction

Regulations published in the *Federal Register* on July 15, 1985 have necessitated a substantial revision of the existing SSA policies on charging fees for information provided. The two basic categories used for determining the applicable fee schedule are requests for program purposes (GN 03311.005B. through GN 03311.005D.) and requests for non-program purposes (GN 03311.005E.)

If fees are to be charged for program purposes, two fee schedules can apply: those applicable under the Privacy Act (GN 03311.005B.) and those applicable under the Freedom of Information Act (GN 03311.005C.) In addition, special circumstances may arise (GN 03311.005D.) where the FOIA fee schedule will apply even though the general rules provided in GN 03311.005B. and GN 03311.005C. would not require payment. See GN 03311.005D.

If fees are to be charged for non-program purposes, the fee schedule given in GN 03311.005E. will usually apply. However, GN 03311.005F. contains special instructions which apply when a person requests earnings information regardless of the purpose for the request.

Procedures which apply to all instances where SSA will be charging fees for information provided are given in GN 03311.005G. and GN 03311.005H.

## B. Requests for Information for Program Purposes - Privacy Act

### 1. General

The Privacy Act and section 1106 of the Social Security Act permit the Social Security Administration (SSA) to charge a fee for providing a copy of an individual's record (as defined in GN 03301.002B.) at the individual's request.

SSA will give the individual one free copy of their own record where the individual requests the record *for a program purpose* (see GN 03311.005B.3.). (Where voluminous records are involved, SSA may negotiate with the individual or their authorized or designated

representative as to exactly what records are needed.) The one-free-copy provision applies only when SSA gives the record to the individual themselves, to the parent or guardian acting on behalf of a minor (see GN 03301.002B.), the legal guardian acting on behalf of an incompetent individual, or to an authorized or designated representative (see GN 03301.002B.).

## 2. Requests for Multiple Copies

If the individual, their authorized representative, etc., (see GN 03311.005B.1.) requests two or more copies at the same time for themselves (over any period of time), please refer to the Federal Register: Charging Standard Administrative Fees for Non-Program Information for policy on current fees. Refer any situations where there is doubt about whether to charge to the appropriate Freedom of Information Act (FOIA)/Privacy Act (PA) coordinator.

## 3. Program Purposes Defined

### a. Background

20 CFR Part 422 has been amended to permit SSA to charge the full cost of supplying any information where the information is requested to comply with the Employee Retirement Income Security Act of 1974 (ERISA) or for any other purpose not directly related to the administration of programs under the Social Security Act (See GN 03311.005E.). In the past, it has been SSA's policy to provide one free copy of an individual's own record regardless of the purpose for which the record was requested. However, because of the full cost provision, SSA will follow the policy outlined in 1 above only if the individual alleges that they need the information for a “program purpose” as defined below.

### b. Definition

Consider a request to be for program purposes if the information must be disclosed under the Social Security Act. For example, section 205(c)(2)(A) of the Act (42 U.S.C. 405(c)(2)(A)) requires that SSA provide certain information upon request to a worker, their survivor, or the legal representative of the worker's estate. The information which can be disclosed includes the amounts of the worker's wages and self-employment income and the periods during which they were paid or derived, as shown by our records.

Also consider a request to be for program purposes if the requester indicates that the needed information will be used for a purpose which is directly related to the administration of a program under the Social Security Act. The major criteria to consider in deciding whether a proposed use is related are:

- Is the information needed to pursue some benefit under the Act?
- Is the information needed to verify the accuracy of information obtained in connection with a program administered under the Act?
- Is the information needed in connection with an activity, such as the resolution of an earnings discrepancy, which has been authorized under the Act?
- Is the information needed by an employer to carry out their taxpaying responsibilities under the Federal Insurance Contribution Act or under section 218 of the Act?
- Is the information needed by the beneficiary seeking to return to work or participating in the current Ticket to Work program?

**c. Examples of Purposes Which Meet the Definition**

- To verify the accuracy of an earnings record;
- To ensure the proper crediting of earnings to a record;
- To resolve discrepancies in information in Social Security records;
- To determine eligibility or entitlement under Social Security programs (e.g., for Social Security benefits, Supplemental Security Income payments, Medicare, etc.)
- To determine or estimate the amount of Social Security benefits to which an individual is entitled, or
- To request a refund of Social Security taxes paid on wages or self-employment income.

- To provide an individual with a benefit verification concerning the individual. This also applies to parents of minors and legal guardians of persons who are subject of judicial findings of incompetence who are acting on these people's behalf, individuals who request these verifications for family members with consent, and representative payees for the individuals whom they are serving as representative payees.

- To provide disability beneficiaries with information requested for the purpose of seeking employment or participating in the Ticket to Work program.

**d. Development**

A request for information which indicates that the request is for a program purpose will be sufficient documentation in most cases. If the request does not contain sufficient information to determine whether it is for a program purpose, obtain a signed statement from the individual including a description of the purpose for which the information is desired. If the individual refuses to give their reason for the request, assume it is for a *non-program* purpose. (See GN 03311.005E.) Also see GN 03311.005F.3. for development procedures related to earnings record requests.

**e. Consideration – Case by Case**

Consider on a case by case basis any requests which do not meet the definition of "program purpose" as given above. Refer any questionable situations to the appropriate FOIA/PA coordinator for resolution.

## C. Requests for Information for Program Purposes - Freedom of Information Act

### 1. General

The FOIA fee schedule found in the HHS Public Information Regulation (see GN 03311.005C.2.a. through GN 03311.005C.2.i.) applies to all requests for records (as defined in GN 03301.002B.) except when an individual, their parent acting on the individual's behalf, their legal guardian, or their authorized or designated representative requests a copy of their own records (see GN 03301.002B. and GN 03311.005B.), when filling the request benefits the general public (see GN 03311.005G.4.), or when the request is not for program purposes and full costs may be charged (See GN 03311.005E.). The definition of program

purposes as given in GN 03311.005B.3. also applies to requests received under the Freedom of Information Act (FOIA).

The FOIA fee schedule applies when an individual asks SSA to send a copy of their own record to a third party who is not a parent acting for a minor, legal guardian, authorized representative or designated representative. It does not apply when an individual asks SSA to send a copy of their own record to an authorized or designated representative since these requests would fall under Privacy Act provisions as discussed in GN 03311.005B. The FOIA fee schedule also applies when the FOIA request is for a "program purpose". (See GN 03311.005B.3. for the definition of "program purpose" and necessary development.)

**NOTE:** *GENERALLY, SSA WILL NOT CHARGE ANY FEE TO SEND INFORMATION TO ANY THIRD PARTY IN INSTANCES WHERE THERE WOULD BE NO FEE CHARGED IN THE INFORMATION WERE SENT TO THE INDIVIDUAL THEMSELVES. FOR EXAMPLE, AN INDIVIDUAL REQUESTS THAT SSA SEND A COPY OF THEIR EARNINGS RECORD TO A CERTIFIED PUBLIC ACCOUNTANT (CPA) SO THAT THE CPA CAN ASSURE THAT EARNINGS ARE PROPERLY POSTED FOR SOCIAL SECURITY PURPOSES. THE REQUEST IS FOR A PROGRAM PURPOSE, AND MULTIPLE COPIES ARE NOT REQUESTED. SINCE, UNDER GN 03311.005B., NO FEE WOULD BE CHARGED TO THE INDIVIDUAL IN THIS SITUATION, NO CHARGE WILL BE MADE TO THE CPA, EVEN IF THEY ARE NOT THE AUTHORIZED OR DESIGNATED REPRESENTATIVE.*

## 2. FOIA Fee Schedule

a. Manual searching for records - $10 an hour. Drop increments of less than 15 minutes of chargeable time. Fractional rates will be charged in 15 minute increments (i.e., $2.50 for 15 minutes, $5.00 for half an hour, etc.);

b. Photocopying standard size pages - 10 cents per page;

c. Photocopying odd-size pages, such as punch cards or blueprints, or reproducing other records, such as magnetic tapes - actual cost of the operator's time up to $10 an hour, plus the cost of the machine time and materials used;

d. Use of electronic data processing equipment to obtain records - actual cost for the service, including computer search time, runs, printouts, and time of computer programmers and operators, or other employees. For example, charge for writing a computer program or performing a special computer run;

e. Certifying that records are true copies - $10 per certification;

f. Postage - To help you assess fees for FOIA services, we have identified the following postage charges at the current postal rates:

- Return Receipt Requested - 70 cents plus postage
- Postage - 22 cents per ounce
- Seven (7) pages - 1 ounce
- One hundred (100) pages - 16 ounces
- One 9 1/2 12 1/2 brown franked envelope plus 3 pages - 1 ounce
- One #5 Jiffy bag - 4 ounces
- One #7 Jiffy bag - 5 ounces

**NOTE:** Future changes in postal rates will, or course, affect these figures.

g. Sending records by special methods per requester's instruction, such as Express Mail - actual cost of the special services;

h. Performing other special services mutually agreed on between SSA and the requester - actual cost to SSA of the time of the SSA employee who performs the service, plus the cost of any machine time and materials that the employee uses. These services are usually provided under a reimbursable agreement.

i. If charging the amounts given in the fee schedule would frequently result in higher costs to SSA, submit details of the situation involved to the FOI Officer for a special determination. For example, if a court will only pay $5.00 for a certification, and the alternate method of providing the information (i.e., court appearance of SSA employee), is of greater cost to SSA, the FOI Officer can make a special ruling to accept the lower charge.

### 3. Policy of Fees

a. We will not charge for processing a request when the cost of collecting the fee would exceed the amount of the fee. Do not charge for amounts less than $7.50 (which represents the minimum processing cost to SSA), unless fees are to be aggregated under GN 03311.005I.2. Inform the requester that though there will not be a charge made for this specific request, aggregation of fees may add the charge for the request to future ones.

   The fee schedule in GN 03311.005C.2. will be used unless the amount of the fee is less than $7.50, the fee is waived or reduced (see GN 03311.005G.) or another fee schedule applies (e.g., proposed schedule for detailed earnings for nonprogram purposes).

b. Failure to locate a record - A charge will be made for search time even if we fail to locate the record, if the requester asks that the search be continued after being informed that the search is likely to be unproductive. A charge for search time will also be made if the records that are located are exempt from disclosure. The charges will be subject to the $7.50 minimum mentioned above and to waiver or reduction (see GN 03311.005G.).

c. SSA will charge full costs for work done under reimbursable agreements. The estimated cost will be collected in advance of any work being performed.

### 4. Sale of Printed Material

When sufficient quantities of printed material exist to meet internal needs, extra copies may be sold to the public at a cost of 1 cent per page. However, the cost of any publications from the Government Printing Office (GPO) is determined by the Superintendent of Documents. Publications for sale by GPO are listed in the Social Security Rulings Preface. Refer requests for these publications to GPO for purchase of documents sold by them.

Preprinted POMS materials are sold only by part (i.e., parts 1, 2, 3, etc.) at the cost of 1 cent per page. If a requester wants only specific chapters or sections and does not wish to purchase a complete part, they should use the photocopy procedures. No charge will be made for services and/or materials under the FOIA when the total amount of fees does not exceed $7.50. (See subsection GN 03311.005C.3.

## D. Exception - Where SSA Will Charge for Program Related Requests

In some situations, SSA will charge a fee for providing information if more detailed information and/or special services are requested even though the request is for a program-related purpose. For example, if a legal aid organization requests all documentation SSA has concerning the Supplemental Security Income provisions on deeming, SSA will charge for this service. The FOIA fee schedule will be applicable in these cases.

Any questions regarding whether to charge a fee for a program related purpose should be referred to the appropriate FOIA/PA coordinator.

## E. Fees for Non-Program Use

### 1. General

As stated in GN 03311.005B.3.a., SSA may now charge the full cost of supplying information where the information requested is needed to comply with ERISA or for any other purpose which is not directly related to the administration of any program under the Social Security Act. Therefore, charge full cost for any information supplied to an individual where the definition of "program purpose" given in GN 03311.005B.3. does not apply. Full cost will be charged in all cases including where the request is for information about an individual from the individual himself or herself.

The charges made will include any direct and/or indirect cost to SSA (including costs of duplication) for providing the information and any other related services under section 1106(c) of the Act.

### 2. Definition of Non-Program Purpose

A non-program purpose is any purpose not meeting the definition of "program purpose" given in GN 03311.005B.3. Some examples of requests for non-program purposes are as follows:

a. To establish earnings amount and/or verify the existence and durations of employment relationships for private pension purposes;

b. To provide information needed for use in civil litigation, (e.g., asbestosis claims, discrimination suits), not related to Social Security programs;

c. To establish entitlement to union, company, or private pension benefits;

d. To provide income information for workmen's compensation;

e. To establish union seniority, or

f. To provide information for various other purposes which are not specifically related to the administration of the program or programs under the Social Security Act.

### 3. Fee Schedule

The Division of Cost Analysis (DCA) in the Office of Budget, Finance and Management (OBFM) is the component responsible for distributing costs to all Agency workloads, functions, business processes and programs, including fiscal year (FY) administrative overhead rates. Field Offices (FOs) are reminded to include the current FY administrative overhead rate when calculating fees for processing non-program related requests. The current FY administrative overhead rates may be accessed using guidance published in the Federal Register: Charging Standard Administrative Fees for Non-Program Information.

All procedures and policies are described in GN 03311.005C.3. and GN 03311.005C.4. and in GN 03311.005F. will apply to charges made under the full cost provisions.

## F. Requests for Earnings Information

### 1. Definitions

a. Summary Statement of Earnings is a response to form SSA-7004 requests and provides complete totals of earnings for the appropriate years.

b. Yearly Totals - The annual totals of earnings for specified years requested.

c. Detailed Earnings - An itemized listing by employer, for the years requested, of quarterly earnings before 1978 and annual earnings for 1978 and later.

### 2. Appropriate Fees to Charge

a. Do *not* charge to furnish information in response to any request for a Summary Statement of Earnings or Yearly Totals regardless of the purpose for which the information is needed. This policy applies to any requester except for commercial ventures covered by reimbursable agreements.

b. Requests for detailed earnings will be evaluated under the appropriate provisions of GN 03311.005B. through GN 03311.005E. Fees for these requests are included on Form SSA-7050, Request for Social Security Earnings Information.

### 3. Development and Processing

#### a. Requests for Program Purposes

If the request states that the purpose is to resolve an earnings discrepancy *or* a problem with a reporting employer *and* calendar years are given, or otherwise meets the criteria of GN 03311.005B.3., consider that the request is for a *program purpose* and forward it to the Office of Earnings Operations, Division of Earnings Record Operation (DERO) for action.

#### b. Requests for Non-Program Purposes

Earnings requests for a non-program purpose (see GN 03311.005E.2.) which are received with appropriate fee should be referred to DERO for their necessary action. If no fee payment is attached to the request, have the individual complete a Form SSA-7050, Request for Social Security Earnings Information and remit the proper fee, and then forward the request with the fee to DERO for action.

**NOTE:** *A request for detailed earnings information, which includes the names and addresses of employers and quarterly or yearly earnings, is generally NOT a request for a program purpose (see GN 03311.005B.3.b. for definition) and should be accompanied by the appropriate fee.*

#### c. Requests Where the Purpose is Unknown

If the earnings request does not contain sufficient information to determine whether it is for a program purpose, or if the individual refuses to give reasons for the request, have the requester complete a Form SSA-7050, Request for Social Security Earnings Information and remit the appropriate fees. When the Form SSA-7050 and the appropriate fee are received, forward them to DERO for action.

## G. Waiver or Reduction of Fees

Only the FOI Officer may waive or reduce a fee (in excess of $7.50) where they determine that furnishing the information will primarily benefit the general public. The FOI officer will also determine whether fees may be waived for access requests for more than one copy of a record. Factors to be considered are listed below for informational purposes. The existence of one of the factors standing alone, however, would not mean SSA would automatically waive or reduce the fee. All offices should forward all waiver or reduction requests to the FOI Officer through the appropriate FOIA/Privacy Act Coordinator.

1. Whether it is probable that the information being requested will be disseminated to a large number of people. For example, the fee might be waived or reduced if the requester is a newspaper reporter, has a contract for a book with a publisher, or has often written material that was later published.

2. Whether the records being requested could actually be used to benefit the general public. The fee might be waived or reduced when there is a strong need for public attention to matters that the record concerns. Records in that category would include those that relate to safety, health, or economic well-being of the public, or the integrity and efficiency of government. In such cases, individuals who will benefit need not know about the records themselves or directly receive the information they contain; e.g., a consumer group is provided with information which will benefit the entire group, but the information is received by only one person.

3. Whether the release of the records would result primarily in the requester's financial benefit. For example, if the requester is engaged in commercial or financial activities in which he/she normally pays for goods and services in the conduct of business, taxpayers ordinarily should not be expected to absorb the FOIA fees for the requester. Even in these situations, however, if release of the information would otherwise benefit the general public, and if payment would impose a hardship on the requester such that the requester or the public would not receive the information if the full fee were to be charged, the fee may be waived or reduced.

4. Whether release of the records would help indigents and others of very limited means for whom it would be a hardship of they were required to pay a fee. For example, where release of the records would help the requester obtain economic benefits, employment, education, or other basic rights and services, and the requester sent a statement that paying the fees would amount to a hardship, the fee would probably be waived or reduced.

5. Whether the requester helped SSA reduce unnecessary costs to the government. For example, the requester might focus their request so that we could, in turn, focus the scope for our search and thereby eliminate unnecessary search costs. This would be taken into consideration along with other factors in deciding whether to waive or reduce the fee. In any situation where charging a fee would result in a greater cost (more than and separate from the cost of billing) to SSA, submit the issue to the appropriate FOIA/Privacy Act Coordinator.

6. Whether the information has already been made available for inspection by any member of the public. For example, a waiver or reduction of fees would generally not be granted if the requested record were a part of the Program Operations Manual System (POMS). Consideration would also be given as to whether records containing the same information are available elsewhere. In such cases, the requester would be informed as to where the information is available.

## H. Review of Denial of Request to Waive or Reduce Fees

A requester who has been denied a waiver or reduction of fees may appeal to the Deputy Commissioner for Programs or Policy, Social Security Administration. A fee determination may also be appealed to this official.

## I. Procedures on Assessing and Collecting Fees

1. General - It should be assumed that when a person makes a request for SSA records, he/she will pay appropriate fees. However, the requester may specify a limit on the amount he/she wishes to pay. The requester will be notified if it appears the fee will exceed the limit and will be asked whether or not to go on with the request.

2. Billing the Requester - Normally a bill is sent along with or following the delivery of the requested records. Where there are numerous small bills to frequent requesters or businesses representing requesters, the charge may be aggregated for certain periods. For example, an heir tracer writes in to request information about several individuals over a period of time. Taken separately, each request costs less than the $7.50. The charges will be added together to determine the proper fee. The requester will be billed periodically for the total amount. (See GN 03311.005B.2. for billing instructions.)

   Exception:

   Where reimbursable agreements are involved, fees will be collected before any work is performed. (See GN 03311.005C.3.c.)

3. Advance Payment - If it appears likely that any fees charged will be unusually large, or if the requester failed to pay the previous bill, they will generally be asked to pay the estimated fee, or a deposit, before we start searching for the record, or before the record is sent to the requester. Notice that an advance fee or deposit is necessary, will be sent to the requester promptly. In such cases, the administrative time limits for responding (i.e., 10-working days from receipt of initial request and 20-working days from receipt of appeals from initial denials, plus permissible extensions of those time limits), will begin only after we have come to an agreement of the fee to be charged, or have decided that the fee will be waived.

   In addition, SSA will *require* an advance payment for all work performed pursuant to a reimbursable agreement. The advance payment must be received by SSA before the requested work is begun.

4. Payment of Fees - Payment of the fee will be made by check or money order payable to the Social Security Administration.

---

*To Link to this section - Use this URL:*
http://policy.ssa.gov/poms.nsf/lnx/0203311005

*GN 03311.005 - Privacy Act and FOIA Fees - 10/15/2024*
*Batch run: 10/15/2024*
*Rev:10/15/2024*