# Exhibit OO

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEW YORK LEGAL ASSISTANCE GROUP,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**THE SOCIAL SECURITY ADMINISTRATION,**<br><br>**Defendant.** | **Civil Action No. 23 Civ. 9363** |

**DECLARATION OF URBAN JUSTICE CENTER**

1. My name is Ann Biddle. I am an attorney at the Mental Health Project at Urban Justice Center ("UJC").

2. UJC is a non-profit, public interest organization that serves thousands of low-income New Yorkers each year, including domestic violence survivors, immigrants, people with mental health concerns, people impacted by incarceration, LGBTQ+ young people, and other vulnerable citizens.

3. On September 26, 2022, UJC's Mental Health Project submitted a FOIA request to SSA seeking two sections of the POMS: PM 00233.005, Regional Office Consultative Examination Oversight Procedures, and PM 00233.900, Regional Office Guide for Evaluating Disability Determination Service Management of the Consultative Examination Process. The request was assigned FOIA Request No. SSA-2022-015022. UJC's Mental Health Project sought a waiver of fees because disclosure of the requested information would be in the public interest and not for commercial use.

4. UJC's Mental Health Project received a letter from SSA's Acting Freedom of Information Officer, Michelle L. Christ, denying UJC's fee waiver request.

5. UJC's Mental Health Project received a similar denial on May 4, 2023 in response to a different FOIA request (FOIA No. SSA-2023-007182).

6. Attached as exhibits to this Declaration are true and correct copies of SSA's responses to UJC's fee waiver requests.

7. My office has a very limited budget for information requests. SSA's denials of fee waiver requests have the effect of harming my office, because they require us either to use our budget to fund requests where fees should be waived or withdraw our requests once filed.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my information and knowledge.

*/s/ Ann P Biddle*
Ann P. Biddle
Litigation Supervisor
Mental Health Project
Urban Justice Center
40 Rector Street, 9th Floor
New York, NY 10006

Executed on 29 May 2026

SOCIAL SECURITY

Refer to:
S9H: SSA-2022-015022

October 20, 2022

Ms. Ann Biddle
Urban Justice Center
40 Rector Street, 9th Floor
New York, NY 10006
abiddle@urbanjustice.org

Dear Ms. Biddle:

This letter is to notify you of the fees associated with your September 26, 2022 Freedom of Information Act (FOIA) request for a copy of the following sections of the Social Security Administration's Program Operations Manual System:

1) PM 00233.005 Regional Office Consultative Examination Oversight Procedures and
2) PM 00233.900 Regional Office Guide for Evaluating Disability Determination Service Management of the Consultative Examination Process.

You also requested that we waive any fees associated with processing your request.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that

release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act. (20 C.F.R. § 402.175(a)). We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)).

When our employees search for records, we charge the following hourly rate depending on the grade of the employee:

- $16.00 (GS-1 through GS-8)
- $33.00 (GS-9 through GS-14)
- $59.00 (GS-15 and above)

We estimate the cost to provide this information is $64.25, which includes .25 hours of search and review time at $59.00 per hour and 1.50 hours of search and review time at $33.00 per hour. If there is a duplication fee, we will bill you. In addition, according to our regulations at 20 C.F.R. § 402.175(e), we may charge a fee for search time even if we are unable to locate any responsive records or the records are exempt from disclosure.

If you want us to proceed with your request, **you must let us know**. You may also narrow the scope of your request or set a limit on the amount you are willing to spend. You may pay by check or money order made payable to the Social Security Administration (SSA) or by credit card (MasterCard, Visa, Discover, American Express, or Diner's Club). To pay by credit card, complete and sign the enclosed form. Be sure to include your credit card number and expiration date.

You may submit payment information by facsimile at 410-966-0869 or by mail to my attention at G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Please annotate the above reference number on your payment. **If we do not receive payment information within <u>ten business days</u> from the date of this letter, we will administratively close your request**. You will not receive a separate notification that we closed your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Acting Freedom of Information Officer

Enclosure

SOCIAL SECURITY

Refer to:
S9H: SSA-2023-007182

May 4, 2023

Ms. Ann Biddle
Urban Justice Center Mental Health Project
40 Rector Street, 9th Floor
New York, NY 10006
abiddle@urbanjustice.org

Dear Ms. Biddle:

This letter is in response to your request for a fee waiver of your April 10, Freedom of Information Act (FOIA) request for a copy of the data used and conclusions reached in the assessment of whether Consultative Examination (CE) usage created or reinforced structural inequities in the disability process.

I have reviewed your request for a fee waiver, and I have determined not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

You state in your fee waiver request that SSA has limited public information on the impact of a CE examination on the outcome of a claim and this information is directly in the public interest. You further state that your request "seeks data about the discrete administration of the national disability program and the use of CEs in making decisions; therefore, your request directly concerns SSA's operations and activities" and that "the disclosure of the records requested will reveal meaningful information about government operations or activities not already public knowledge."

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors as the guidelines and additional information concerning CEs are publicly available at https://www.ssa.gov/disability/professionals/greenbook/index.htm and https://www.ssa.gov/foia/readingroom.html. Accordingly, applying the standards listed above, I cannot waive the fee. We will send further correspondence when we determine what fees apply to your request.

If you have questions, or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer