# Exhibit SS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEW YORK LEGAL ASSISTANCE GROUP,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**THE SOCIAL SECURITY ADMINISTRATION,**<br><br>**Defendant.** | **Civil Action No. 23 Civ. 9363** |

**DECLARATION OF AMY MARINACCI**

1. My name is Amy Marinacci. I am an attorney and Chief Strategy Officer at the Legal Council for Health Justice.

2. Attached as an exhibit to this Declaration is a true and correct copy of the response to the Freedom of Information Act fee waiver request I or my organization received from the Social Security Administration ("SSA").

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my information and knowledge.

_/s Amy Marinacci___________
Amy Marinacci
Chief Strategy Officer
Legal Council for Health Justice

Executed on June 11, 2026

SOCIAL SECURITY

Refer to:
S9H: 2023-FOIA-79797

December 12, 2023

Amy Marinacci
Legal Council for Health Justice
17 North State Street
9th Floor
Chicago, IL 60602
amarinaci@gmail.com

Dear Amy Marinacci:

I am responding to your request for a fee waiver concerning your August 28, 2023 Freedom of Information Act (FOIA) request for the following:

1. Copies of all Memoranda of Understanding currently in effect between the Social Security Administration (SSA) and any correctional facility, jail, prison, or penal institution located within the state of Illinois, including but not limited to the Illinois Department of Corrections, involving "incentive payments" as described in sections 1611(e)(1)(I) and 202(x)(3) of the Social Security Act;
2. Monthly statistics from January 2020 to the present for the total incentive payments made to correctional facilities, jails, prisons, or penal institutions located within the state of Illinois, broken down by receiving institution;
3. Monthly statistics from October 2018 through the present month for the state of Illinois, broken down by SSA field office (if possible) to include:
    a. the number of Title XVI Prisoner Suspensions;
    b. the number of Title XVI Prisoner Reinstatements;
    c. the number of Concurrent Title II/Title XVI Prisoner Suspensions;
    d. the number of Concurrent Title II/Title XVI Reinstatements;
    e. the number of Title II Prisoner Suspensions; and
    f. the number of Title II Prisoner Reinstatements;
4. Copy of all Supplemental Security Income (SSI) prerelease program interagency agreements currently in effect between SSA and any correctional facility, jail, prison, or penal institution located within the state of Illinois, including but not limited to the Illinois Department of Corrections;
5. Copies of any agency procedures, policies, agreements, reports, or other documents evaluating, interpreting, or operationalizing any SSI prerelease program in place in Illinois from October 2018 to present;
6. Statistics on an annual basis (federal fiscal year) from October 2018 to current federal fiscal year to date to include:
    a. The number of SSI prerelease applications received from the Illinois Department of Corrections, sorted by receiving SSA field office, and broken down by:

i. The number of SSI prerelease applications that were logged and forwarded to the Illinois Bureau of Disability Determination Services (DDS), (e.g., the number that received the "Prerelease Case Flag" in Electronic Disability Collect System (EDCS) as described in POMS SI 00520.920); and
ii. The number of SSI prerelease applications that were denied or otherwise rejected as ineligible for prerelease application process;

b. The number of SSI prerelease applications that were approved at the initial level by DDS; and
c. The average number of days between the receipt of the application at the SSA field office and the date of the initial disability decision.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver argued that you seek these records for non-commercial use and in furtherance of the public interest, within the meaning of 20 CFR § 402. You state that many of your clients, as well as clients of other nonprofit agencies who assist low-income SSI/SSDI beneficiaries, have reported significant challenges in filing SSI prerelease applications. You claim the information sought will increase the understanding of the current state of the SSI prerelease application program in Illinois, as well as the scope of individuals who were receiving SSI/SSDI at the time of their incarceration, as many of these individuals will be interested in filing prerelease applications before they reenter the community. You further state this information will significantly increase the public understanding of SSA's practices, to the benefit of low-income individuals and the organizations who serve them. You claim Legal Council for Health Justice will share this information with interested parties including those who seek to ensure that the SSI prerelease application program is accessible and operational.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the factors listed in 20 C.F.R. § 402.185(b), and I have not otherwise found that release of the records requested would meet the abovementioned factors. Specifically, it is not clear how the information you requested will be disseminated to advance

the general public's understanding as distinguished from a narrow segment of interested persons. Furthermore, you have not sufficiently demonstrated how the information you are requesting will reveal meaningful information that is already publicly available on the agency's website to assist members of the public with prerelease applications, e.g.:

- KA-02549 · FAQ | SSA;
- SSI Spotlight on Prerelease Procedure (ssa.gov);
- What Prisoners Need to Know (ssa.gov); and
- Re-entering the Community After Incarceration— How We Can Help (ssa.gov).

Accordingly, applying the standards within 20 C.F.R. § 402.185(b), I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)).

We will send further correspondence when we determine what fees, if any, apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer