# Exhibit TT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEW YORK LEGAL ASSISTANCE GROUP,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**THE SOCIAL SECURITY ADMINISTRATION,**<br><br>**Defendant.** | **Civil Action No. 23 Civ. 9363** |

**DECLARATION OF MATT BRACKEN**

1. My name is Matt Bracken. I am the Editor in Chief of FedScoop, part of Scoop News Group.

2. Attached as exhibits to this Declaration are true and correct copies of responses to Freedom of Information Act fee waiver requests I or my office received from the Social Security Administration ("SSA").

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my information and knowledge.

Matt Bracken
Editor in Chief
FedScoop

Executed on June 11, 2026

SOCIAL SECURITY

Refer to:
S9H: 2023-FOIA-79956

September 26, 2023

Rebecca Heilweil
FedScoop
[redacted]

Dear Rebecca Heilweil:

I am responding to your request for a fee waiver concerning your September 21, 2023 Freedom of Information Act (FOIA) request for all documents related to the planning, testing, and validation of the "Anomalous iClaim Predictive Model" used by the Office of Analytics, Review and Oversight. You are also interested in any testing the Social Security Administration (SSA) might have conducted in relation to potential bias and fairness concerns with this technology from 01/01/2020 through 09/21/2023.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying

the standards listed above, I cannot waive the fee. We will send further correspondence when we determine what fees, if any, apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of the Social Security Administration that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2023-FOIA-79957

September 28, 2023

Rebecca Heilweil
FedScoop
[redacted]

Dear Rebecca Heilweil:

I am responding to your request for a fee waiver concerning your September 21, 2023 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for "all documents related to the planning, testing, validation of the Pre-Effectuation Review / Targeted Denial Review Models" listed in SSA's Public Artificial Intelligence Listing File. Additionally, you stated that you are "also interested in any tests or analyses the agency produced related to bias or fairness concerned raised by these kinds of algorithms." The timeframe applicable to your request is January 1, 2020 to September 21, 2023.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act. Section 1106(c) of the Social Security Act (42 U.S.C. § 1306(c)) provides that we charge full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Social Security Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute. Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute.

We will send further correspondence when we determine what fees, if any, apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with “Freedom of Information Appeal.”

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2023-FOIA-79958

Date

Rebecca Heilweil
FedScoop
[redacted]

Dear Rebecca Heilweil:

I am responding to your request for a fee waiver concerning your September 21, 2023 Freedom of Information Act (FOIA) request for any documents or plans related to the creation or the implementation of the "Representative Payee Misuse Model," and the results of any bias or fairness studies conducted into this technology. The date range for your requested search is January 1, 2020 through September 21, 2023.

I reviewed your request for a fee waiver, and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee. We will send further correspondence when we determine what fees, if any, apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of the Social Security Administration that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with “Freedom of Information Appeal.”

Sincerely,

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2023-FOIA-79962

September 28, 2023

Rebecca Heilweil
FedScoop
[redacted]

Dear Rebecca Heilweil:

I am responding to your request for a fee waiver concerning your September 21, 2023 Freedom of Information Act (FOIA) request for any documents, including planning and implementation documents from January 1, 2020 to September 21, 2023, related to the Quick Disability Determinations Process artifical intelligence (AI) use case listed with the Office of Retirement and Disability Programs in the Social Security Administration's (SSA) AI inventory, to include any bias/fairness analyses that have been conducted about this tool.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that

release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)). Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute.

We will send further correspondence when we determine what fees, if any, apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2025-FOIA-00721

January 15, 2025

Matt Bracken
[redacted]

Dear Matt Bracken:

I am responding to your request for a fee waiver concerning your January 2, 2025 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for documents related to “Pre-Effectuation Review / Targeted Denial Review Models” for the time period of January 3, 2022 through January 2, 2025. You request the following information:

1. Any statements of work, memos, or contracts associated with agreements for third-party companies that provided services to help build this technology;
2. Any studies or analyses of the efficacy of these tools. For instance, if models were used to build it, were they studied for accuracy? If so, I am requesting these documents. I am requesting them regardless of whether they were produced by the agency or a third party;
3. Any terms of service that might be associated with the use of the tool. These might be rules of behavior provided by the Chief Information Officer’s (CIO) office — or terms provided by the technology;
4. Any privacy impact assessments or privacy threshold assessments associated with this tool;
5. Any presentations, such as Portable Document Format (PDF) files, associated with this tool;
6. Any reports on the status of this tool that were created by the chief technology office, chief data office, chief information office, or chief artificial intelligence (AI) office;
7. Any waivers issued by your agency related to required risk management practices;
8. Any documentation related to analyses regarding whether this system was rights or safety impact impacting;
9. Any documentation related to training data used to build this system; and
10. Any ‘model cards’ associated with models used for this use case.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester’s commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)). Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute.

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 833-795-0132.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR,

6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2025-FOIA-00722

January 17, 2025

Matt Bracken
[redacted]

Dear Matt Bracken:

I am responding to your request for a fee waiver concerning your January 2, 2025 Freedom of Information Act (FOIA) request for documents related to "Therapy Chatbot - Text-Based Mental Health Support for SSA Employees," which is disclosed in the Social Security Administration's (SSA) Artificial Intelligence (AI) use case inventory. Specifically, you asked for the following information related to the use case inventory:

- Any statements of work, memos, or contracts associated with agreements for third-party companies that provided services to help build this technology.
- Any studies or analyses of the efficacy of the tools and the models used to build it.
- Any terms of service that might be associated with the use of the tool.
- Any privacy impact assessments or privacy threshold assessments associated with this tool.
- Any presentations, such as PDFs, associated with this tool.
- Any reports on the status of this tool that were created by the chief technology office, chief data office, chief information office, or chief AI office.
- Any waivers issued related to required risk management practices.
- Any documentation of analyses regarding showing whether this system "was rights or safety impact impacting."
- Any documentation related to training data used to build this system.
- Any model cards associated with models used for this use case.

You asked that we search records from January 3, 2022 to January 2, 2025.

I reviewed your request for a fee waiver, and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)).

Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute.

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 833-795-0132.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

Enclosure

SOCIAL SECURITY

Refer to:
S9H: 2025-FOIA-00723

January 15, 2025

Matt Bracken
[redacted]

Dear Matt Bracken:

I am responding to your request for a fee waiver concerning your January 2, 2025 Freedom of Information Act (FOIA) request for the following records from January 3, 2022 to January 2, 2025:

> “I am requesting documents related to "Proactive Triage and Analysis of Hearings (PATH)," which is disclosed in your agency’s Artificial Intelligence (AI) use case inventory (attached to this request in a CSV file).
>
> I expect that these documents would be stored with your agency’s Chief Information Officer (CIO), Chief Technology Officer, or Chief AI Officer.
>
> I am requesting:
> 1. Any statements of work, memos, or contracts associated with agreements for third-party companies that provided services to help build this technology;
> 2. Any studies or analyses of the efficacy of these tools. For instance, if models were used to build it, were they studied for accuracy? If so, I am requesting these documents. I am requesting them regardless of whether they were produced by the agency or a third party;
> 3. Any terms of service that might be associated with the use of the tool. These might be rules of behavior provided by the CIO’s office — or terms provided by the technology;
> 4. Any privacy impact assessments or privacy threshold assessments associated with this tool;
> 5. Any presentations, such as PDFs, associated with this tool;
> 6. Any reports on the status of this tool that were created by the Chief Technology Office, Chief Data Office, CIO, or Chief AI Office;
> 7. Any waivers issued by your agency related to required risk management practices;
> 8. Any documentation related to analyses regarding whether this system was rights or safety impact impacting;
> 9. Any documentation related to training data used to build this system; and
> 10. Any ‘model cards’ associated with models used for this use case.”

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)). Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your requests under this statute.

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 833-795-0132.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of the Social Security Administration that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2025-FOIA-00724

January 8, 2025

Matt Bracken
[redacted]

Dear Matt Bracken:

I am responding to your request for a fee waiver concerning your January 2, 2025 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for documents related to the "Anomalous iClaim Predictive Model" for the time period of January 3, 2022 through January 2, 2025. You request the following information:

1. Any statements of work, memos, or contracts associated with agreements for third-party companies that provided services to help build this technology;
2. Any studies or analyses of the efficacy of these tools. For instance, if models were used to build it, were they studied for accuracy? If so, I am requesting these documents. I am requesting them regardless of whether they were produced by the agency or a third party;
3. Any terms of service that might be associated with the use of the tool. These might be rules of behavior provided by the Chief Information Officer's office — or terms provided by the technology;
4. Any privacy impact assessments or privacy threshold assessments associated with this tool;
5. Any presentations, such as PDFs, associated with this tool;
6. Any reports on the status of this tool that were created by the chief technology office, chief data office, chief information office, or chief artificial intelligence office;
7. Any waivers issued by your agency related to required risk management practices;
8. Any documentation related to analyses regarding whether this system was rights or safety impact impacting;
9. Any documentation related to training data used to build this system
10. Any "model cards" associated with models used for this use case.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and

- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)). Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute.

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 833-795-0132.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2025-FOIA-00725

January 7, 2025

Matt Bracken
FedScoop
[redacted]

Dear Matt Bracken:

I am responding to your request for a fee waiver concerning your January 2, 2025 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for documents related to “Representative Payee Misuse Model” for the time period of January 3, 2022 through January 2, 2025. You request the following information:

1. Any statements of work, memos, or contracts associated with agreements for third-party companies that provided services to help build this technology;
2. Any studies or analyses of the efficacy of these tools. For instance, if models were used to build it, were they studied for accuracy? If so, I am requesting these documents. I am requesting them regardless of whether they were produced by the agency or a third party;
3. Any terms of service that might be associated with the use of the tool. These might be rules of behavior provided by the Chief Information Officer’s (CIO) office — or terms provided by the technology;
4. Any privacy impact assessments or privacy threshold assessments associated with this tool;
5. Any presentations, such as PDFs, associated with this tool;
6. Any reports on the status of this tool that were created by the chief technology office, chief data office, chief information office, or chief artificial intelligence office (AI) office;
7. Any waivers issued by your agency related to required risk management practices;
8. Any documentation related to analyses regarding whether this system was rights or safety impact impacting;
9. Any documentation related to training data used to build this system; and
10. Any ‘model cards’ associated with models used for this use case.

I reviewed your request for a fee waiver, and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)). Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute.

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 833-795-0132 .

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College

Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer