# Exhibit UU

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**NEW YORK LEGAL ASSISTANCE GROUP,**

**Plaintiff,**

**-against-**

**THE SOCIAL SECURITY ADMINISTRATION,**

**Defendant.**

**Civil Action No. 23 Civ. 9363**

**DECLARATION OF MARK BETANCOURT**

1. My name is Mark Betancourt. I am an Independent Journalist.

2. Attached as an exhibit to this Declaration are true and correct copies of responses to Freedom of Information Act fee waiver requests I received from the Social Security Administration ("SSA").

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my information and knowledge.

Mark Betancourt
Independent Journalist

Executed on June 9, 2026

SOCIAL SECURITY

Refer to:
S9H: SSA-2023-005046

March 2, 2023

Mr. Mark Betancourt
4107 Farragut Street
Hyattsville, MD 20781
mark.betancourt@gmail.com

Dear Mr. Betancourt:

I am responding to your fee waiver request regarding your February 23, 2023 Freedom of Information Act (FOIA) request for a copy of monthly hearings completion data from the Social Security Administration's (SSA) Case Processing and Management System for all administrative law judges (ALJ) for the January 2006 to present time period. You request the following information on each ALJ:

1) judge name;
2) hearing office;
3) region;
4) total dispositions;
5) total AJL dispositions across all offices
6) decisions;
7) awards;
8) denials;
9) fully favorable; and,
10) partially favorable.

I reviewed your request for a fee waiver, and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government

operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee. We will send further correspondence when we determine what fees apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of the SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Acting Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: SSA-2023-005048

March 22, 2023

Mr. Mark Betancourt
4107 Farragut Street
Hyattsville, MD 20781
mark.betancourt@gmail.com

Dear Mr. Betancourt:

This letter is in response to your request for a fee waiver of your February 23, 2023 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for records reflecting the judge's name, completion date, and location (e.g., office or region) of all focused reviews of which an administrative law judge was the subject, from January 2006 to the present.

I have reviewed your request for a fee waiver, and I have determined not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee. We will send further correspondence when we determine what fees apply to your request.

If you have questions, or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Acting Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2024-FOIA-01219

June 20, 2024

Mark Betancourt
4107 Farragut Street
Hyattsville, MD 20781
mark.betancourt@gmail.com

Dear Mark Betancourt:

I am responding to your request for a fee waiver concerning your May 22, 2024 Freedom of Information Act (FOIA) request for the following:

1. Reports or records produced as a result of a complaint, or series of complaints, you allege were submitted by Administrative Law Judge (ALJ) Zachary Weiss to the Social Security Administration's (SSA) Office of the Inspector General (OIG) beginning in January 2021, including but not limited to:

    a. Responses made to ALJ Zachary Weiss regarding a complaint;
    b. Records reflecting the opening of an investigation into a complaint;
    c. Records documenting the closure of that investigation;
    d. Records documenting the results of that investigation; and
    e. Records reflecting actions taken by the SSA as a result of that investigation OR as a result of a complaint made by ALJ Zachary Weiss;

2. Copies of all communications to or from members of the SSA OIG containing the words "focused review" or "focused reviews" either in the body, subject or address fields of the communication or in quoted text, from December 1, 2020 to the present (May 22, 2024);

3. Copies of all communications to or from members of the SSA OIG containing the word "Weiss," either in the body, subject, or address fields of the communication, or in quoted text from December 1, 2020 to the present (May 22, 2024);

4. Records documenting any attempt by SSA or its contractors, to determine a target average disability claim allowance rate for ALJs (for instance what allowance rate at the hearing level best reflects the actual rate of disability among claimants), including results of any studies that may have been conducted; and

5. Records documenting any attempt by SSA or its contractors to study whether receiving a focused review affects an ALJ's work, behavior, or decisions (i.e., hearing dispositions), including results of any studies that may have been conducted.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)). Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute.

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2024-FOIA-01377

July 26, 2024

Mark Betancourt
4107 Farragut Street
Hyattsville, MD 20781
mark.betancourt@gmail.com

Dear Mark Betancourt:

This letter is to notify you of the fees associated with your July 4, 2024 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for records describing how SSA administrative law judges (ALJ) are to be selected for focused reviews. You state that "[t]his could include any official guidance for managers selecting ALJs for review, even if it is not strictly statutory or regulatory in nature." You specify in your submission that your request includes records for agency communications, memos, or manuals, that officially codify this type of standard for initiating focused reviews.

You also requested a fee waiver.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

In your request, you stated you are "a freelance journalist and this request is made as part of news gathering and not for a commercial use." You further broadly state that, "[t]he requested information pertains to how the agency maintains decisional quality in disability claims, an issue

of enormous public interest." Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)). Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute.

When our employees search for records, we charge the following hourly rate depending on the grade of the employee:

- $16.00 (GS-1 through GS-8)
- $33.00 (GS-9 through GS-14)
- $59.00 (GS-15 and above)

We estimate the cost to provide this information is $258.75, which includes .75 hours of search and review time at $59.00 and 6.5 hours of search and review time at $33.00 per hour. If there is a duplication fee, we will bill you. In addition, according to our regulations at 20 C.F.R. § 402.175(e), we may charge a fee for search time even if we are unable to locate any responsive records or the records are exempt from disclosure.

If you want us to proceed with your request, **you must let us know**. You may also narrow the scope of your request or set a limit on the amount you are willing to spend. You may pay by check or money order made payable to the Social Security Administration (SSA) or by credit card (MasterCard, Visa, Discover, American Express, or Diner's Club). To pay by credit card, complete and sign the enclosed form. Be sure to include your credit card number and expiration date.

You may submit payment information by facsimile at 410-966-0869 or by mail to my attention at G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Please annotate the above reference number on your payment. **If we do not receive payment information within ten business days from the date of this letter, we will administratively close your request**. You will not receive a separate notification that we closed your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235 or electronically transmitted to FOIA.Public.Liaison@ssa.gov. You have 90 days from the date of our administrative closure to appeal our decision. Please note that if we do not receive payment within 10 business days, we will administratively close your request without sending you a separate notice. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ
Freedom of Information Officer

Enclosure

SOCIAL SECURITY

Refer to:
S9H: 2025-FOIA-00186

November 8, 2024

Mark Betancourt
4107 Farragut Street
Hyattsville, MD 20781
mark.betancourt@gmail.com

Dear Mark Betancourt:

I am responding to your request for a fee waiver concerning your October 24, 2024 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) for the following records:

1. Data similar to document, "Appeals Council Request for Review Actions, National - By Administrative Law Judge, For All Past and Current Administrative Law Judges," as it was provided in response to request 2024-FOIA-01291 on September 27, 2024, but broken down by "management information" (MI) year, beginning 10/1/2011 to the present. (In other words, with separate totals/averages for each MI year for each judge, as opposed to all 13 years combined, as the agency provided on 9/27/24.); and

2. Records constituting or reflecting a separate dataset similar to the one requested above in Item #1, for the same time period (10/1/2011 through the present) and including the same types of information (columns), but reflecting un-appealed disability decisions rather than "requests for review" (i.e., appealed decisions). You asked SSA to notify you if the data requested in Item #1 already includes un-appealed decisions.

Additionally, you advise that data similar to what you are requesting in Item 2 is found in the exhibits of a 2012 Congressional hearing found on page 890 of the following website: https://www.govinfo.gov/content/pkg/CHRG-112shrg76068/pdf/CHRG-112shrg76068.pdf. You further state that "[t]he data I'm seeking exists in the same location from which these numbers were derived. (I believe that is the SSA's electronic database called the Case Processing and Management System, CPMS). If providing the above is not possible, please provide any data detailing the agree rates for the Appeals Council's reviews of unappealed cases, for each judge nationally for each management information year from 10/1/2011 to the present. This data may be found in the Case Processing and Management System (CPMS), in 'Agree Rate Report(s),' or in the Appeals Review Processing System (ARPS)."

Lastly, you requested we provide responsive data in a sortable spreadsheet format, such as Excel or .csv, rather than as a PDF.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act). 42 U.S.C. § 1306(c). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) provides that, notwithstanding 5 U.S.C. § 552, we may charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act. 42 U.S.C. § § 1306(c); 20 C.F.R. § 402.175. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information. 42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a). Because the agency is invoking its authority under section 1106(c) of the Act, your potential status as a media requester is irrelevant to our determination of whether to charge a fee to fulfill your request under this statute.

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this fee waiver decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer