# Exhibit VV

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEW YORK LEGAL ASSISTANCE GROUP,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**THE SOCIAL SECURITY ADMINISTRATION,**<br><br>**Defendant.** | **Civil Action No. 23 Civ. 9363** |

**DECLARATION OF Jennifer Cronenberg**

1. My name is Jennifer Cronenberg. I am a Interim CEO at National Organization of Social Security Claimants' Representatives.

2. Attached as an exhibit to this Declaration are true and correct copies of responses to Freedom of Information Act fee waiver requests I or my organization received from the Social Security Administration ("SSA").

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my information and knowledge.

Jennifer Cronenberg
Interim CEO
NOSSCR

Executed on June 11, 2026

SOCIAL SECURITY

Refer to:
S9H: 2024-FOIA-00263

November 15, 2023

Jennifer Cronenberg
NOSSCR
1300 I Street NW
Washington, 20005
jennifer.cronenberg@nosscr.org

Dear Jennifer Cronenberg:

I am responding to your request for a fee waiver concerning your November 10, 2023 Freedom of Information Act (FOIA) request to the Social Security Administration (SSA) wherein you asked, "Within the past fiscal year, how many Social Security disability (Title II) and SSI (Title XVI) hearings have been postponed where a Medical Expert from Mednick was attached to the case?"

I reviewed your request for a fee waiver, and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

You state that your organization is a nonprofit organization, and that the information you are seeking is likely to contribute significantly to public understanding of the operations or activities of the agency and is not primarily in your commercial interest. However, your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will contribute to public understanding of the operations or activities of the

government, reveal any meaningful information about government operations or activities not already known to the public, advance the general public's understanding as distinguished from a narrow segment of interested parties, or similarly meet the above factors. I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)).

We will send further correspondence when we determine what fees, if any, apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2024-FOIA-00264

December 1, 2023

Jennifer Cronenberg
NOSSCR
1300 I Street NW
Washington, 20005
jennifer.cronenberg@nosscr.org

Dear Jennifer Cronenberg:

I am responding to your request for a fee waiver concerning your November 10, 2023 Freedom of Information Act (FOIA) request for a list of all vocational experts who have testified in Social Security disability (Title II) and Supplemental Security Income (Title XVI) hearings within the past fiscal year (October 1, 2022 through September 30, 2023), and the total amounts paid to each.

I reviewed your request for a fee waiver, and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

You state that your organization is a nonprofit organization, and that the information you are seeking is likely to contribute significantly to public understanding of the operations or activities of the agency and is not primarily in your commercial interest. However, your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will contribute to public understanding of the operations or activities of the

government, reveal any meaningful information about government operations or activities not already known to the public, advance the general public's understanding as distinguished from a narrow segment of interested parties, or similarly meet the above factors. I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)).

We will send further correspondence when we determine what fees, if any, apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of the Social Security Administration that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2024-FOIA-00375

December 5, 2023

Jennifer Cronenberg
NOSSCR
1300 I St. NW
Washington, 20005
jennifer.cronenberg@nosscr.org

Dear Jennifer Cronenberg:

I am responding to your request for a fee waiver concerning your December 1, 2023 Freedom of Information Act (FOIA) request for a breakdown of the metrics used for paying bonuses to the Social Security Administration's (SSA) administrative law judges (ALJ) from October 1, 2022 to November 30, 2023. You further advised that if the metrics vary by region and hearings office location, you request a breakdown of the metrics for each region and hearings office.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)).

We will send further correspondence when we determine what fees, if any, apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of SSA that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2024-FOIA-00373

December 12, 2023

Jennifer Cronenberg
NOSSCR
1300 I Street N.W.
Washington, DC 20005
jennifer.cronenberg@nosscr.org

Dear Jennifer Cronenberg:

I am responding to your request for a fee waiver concerning your December 1, 2023 Freedom of Information Act (FOIA) request for a complete copy of the unpublished "Vocational Rules Modernization: Updates to Modernize The Occupational Information Considered In Disability Determinations And Related Policy," [regulation identifier number] 0960-AI40, intended for publication in Spring 2021. You request records for the period of time from January 1, 2018 through December 1, 2023.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)).

We will send further correspondence when we determine what fees, if any, apply to your request.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of the Social Security Administration that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with "Freedom of Information Appeal."

Sincerely,



Michelle L. Christ
Freedom of Information Officer

SOCIAL SECURITY

Refer to:
S9H: 2024-FOIA-02059

October 10, 2024

Jennifer Cronenberg
NOSSCR
1300 I St. NW
Washington, 20005
jennifer.cronenberg@nosscr.org

Dear Jennifer Cronenberg:

I am responding to your request for a fee waiver concerning your September 13, 2024 Freedom of Information Act (FOIA) request to the Social Security Administration for "all documents related to the costs incurred by SSA in responding to the fake $600 Social Security benefit increase announcement made by La Grada (Kapital Media Productions) in May 2024," from the timeframe of May 1, 2024 to September 13, 2024.

I reviewed your request for a fee waiver and I have decided not to waive or reduce the fee. We may waive or reduce the fee under our regulation at 20 C.F.R. § 402.185(b) if we find that waiver is in the public interest. We make this determination if we find that disclosure of the information meets both tests below:

- it is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and
- it is not primarily in the requester's commercial interest.

Our regulation (20 C.F.R. § 402.185(b)) lists factors we consider in analyzing whether disclosure is in the public interest. These factors include:

- how the records pertain to the Federal government's operations or activities,
- whether disclosure would reveal any meaningful information about government operations or activities not already known to the public,
- whether the disclosure will advance the general public's understanding as distinguished from a narrow segment of interested persons, and
- whether the contribution to public understanding would be significant.

Your fee waiver request fails to explain with reasonable specificity how the disclosure of the information you requested will meet the above factors, and I have not otherwise found that release of the records requested would meet the abovementioned factors. Accordingly, applying the standards listed above, I cannot waive the fee.

We are charging you fees for your request under section 1106(c) of the Social Security Act (Act) (42 U.S.C. § 1306(c)). Because we have invoked section 1106(c), the FOIA fee provisions in 5 U.S.C. § 552 are not applicable to your request. Section 1106(c) applies notwithstanding FOIA and provides that we charge the full cost for search and reproduction of records when the request is for a purpose not directly related to the administration of a program under the Act (20 C.F.R. § 402.175), *regardless* of the fee provisions in FOIA. We determined that your request is not directly related to the administration of the Act. Accordingly, we will charge you for the full cost to provide the requested information (42 U.S.C. § 1306(c); 20 C.F.R. § 402.175(a)).

We will send further correspondence when we determine what fees, if any, apply to your request.

Please note that this response is limited to the determination on your fee waiver request; our office is still assessing your request as phrased and will provide subsequent correspondence on that determination.

If you have questions or would like further assistance with your request, you may contact our FOIA Public Liaison by email at FOIA.Public.Liaison@ssa.gov; by phone at 410-965-1727, by choosing Option 2; or facsimile at 410-966-0869.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration for dispute resolution services. OGIS is an entity outside of the Social Security Administration that offers mediation services to resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road – OGIS, College Park, MD 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll-free at 1-877-684-6448; or facsimile at 202-741-5769.

If you disagree with this decision, you may file a written appeal with the Executive Director for the Office of Privacy and Disclosure, Social Security Administration, G-401 WHR, 6401 Security Boulevard, Baltimore, MD 21235. Your appeal must be postmarked or electronically transmitted to FOIA.Public.Liaison@ssa.gov within 90 days of the date of our response to your initial request. Please mark the envelope or subject line with “Freedom of Information Appeal.”

Sincerely,

Michelle L. Christ

Michelle L. Christ
Freedom of Information Officer